[No. 67262-2-I.   Division One.   January 7, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFFORD CARL LAND, *Appellant*.

596

*David L. Donnan* and *Elaine L. Winters* (of *Washington Appellate Project*), for appellant.

*Richard A. Weyrich, Prosecuting Attorney,* and *Rosemary H. Kaholokula, Deputy,* for respondent.

¶1 BECKER, J. — Appellant Clifford Land was charged with and convicted of one count of child molestation and one count of child rape, both involving the same child and the same charging period. He contends that to protect against a double jeopardy violation, the court should have instructed the jury that its verdict must be based on a separate and distinct act for each count. We agree the instruction should have been given, but the lack of it does not violate Land's right to be free of double jeopardy because the record clearly demonstrates the State was not seeking to punish Land twice for the same offense.

¶2 We affirm the convictions but remand for correction of the term and conditions of community custody.

## FACTS

¶3 Appellant Clifford Land's daughter, RL, had girl friends who would come over to the house and occasionally spend the night. One of these friends was SH. Her account of being sexually abused by Land is the basis for the double jeopardy issue in this appeal.

¶4 The investigation of Land began with a report by CG, another of his daughter's girl friends. CG testified that Land touched her on her breast one night when she was visiting. Weeks later, CG told her mother what had happened. CG's mother called Mount Vernon police. During the course of the police investigation, Land's daughter disclosed that Land had molested and penetrated her repeatedly from the time she was six years old. Her friend SH later accused Land of similar acts.

¶5 At trial, SH testified that Land touched her "breasts and lower part," both over and under her clothing, on more

than one occasion and usually in RL's bedroom. SH testified that Land sometimes kissed her on the cheek and lips while touching her, and "a couple times he kissed me on the lower half." SH said Land put his finger inside her vaginal area "a lot more than one time," including a couple of times when he applied a cream to a vaginal rash. SH described an incident in which Land called her into his bedroom, sat her on his lap, and pulled out his penis. SH testified she also saw Land touch RL "on the breasts and the lower half" both under and over RL's clothing.

¶6 The State charged Land with 10 counts of various sex offenses. After a four-day trial, the jury convicted Land of child molestation in the third degree and child rape in the third degree involving SH, one offense involving CG, and one offense involving RL. Jurors were unable to agree on the remaining 6 counts, and Land was found not guilty of those charges at a second trial in May 2011.

¶7 Land was sentenced to 116 months. This appeal followed.

## DOUBLE JEOPARDY

¶8 Land contends the convictions on the two counts involving SH violate double jeopardy because they might have been based on the same act.

¶9 The constitutional guaranty against double jeopardy protects a defendant against multiple punishments for the same offense. U.S. CONST. amend. V; WASH. CONST. art. I, § 9; *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011); *State v. Noltie*, 116 Wn.2d 831, 848, 809 P.2d 190 (1991). A double jeopardy claim is of constitutional proportions and may be raised for the first time on appeal. *Mutch*, 171 Wn.2d at 661. This court's review is de novo. *Mutch*, 171 Wn.2d at 662.

¶10 In *Mutch*, the case on which Land principally relies, the State charged five identical counts of rape, all within the same charging period. There was sufficient evidence of

separate acts of rape to support all five counts, but the jury was not instructed that each count had to arise from a separate and distinct act in order to convict. The possibility that the jury convicted the defendant on all five counts based on a single criminal act created a potential double jeopardy problem. *Mutch*, 171 Wn.2d at 662.

¶11 *Mutch* and its antecedents[1] that address the potential problem of double jeopardy arising out of jury instructions are all cases where the State has charged more than one identically worded count of the same offense in the same charging period. Here, the two convictions are for different offenses that do not have identical elements. The State contends the jury did not have to find separate and distinct acts, even though both counts alleged the same charging period, because child molestation is not the "same offense" as child rape for double jeopardy purposes. The State cites *State v. Jones*, 71 Wn. App. 798, 824-25, 863 P.2d 85 (1993), *review denied*, 124 Wn.2d 1018 (1994), and *State v. French*, 157 Wn.2d 593, 610-11, 141 P.3d 54 (2006). But *Jones* and *French* do not address the issue Land raises, namely whether the two offenses can be the "same" if both arise out of the same act of oral-genital intercourse.

¶12 Two offenses are not the same when "there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other." *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983).

¶13 Child molestation requires proof of "sexual contact" with a child. RCW 9A.44.089(1). "Sexual contact" means "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

---

[1] *See Noltie*, 116 Wn.2d 831; *State v. Hayes*, 81 Wn. App. 425, 914 P.2d 788, *review denied*, 130 Wn.2d 1013 (1996); *State v. Borsheim*, 140 Wn. App. 357, 165 P.3d 417 (2007); *State v. Berg*, 147 Wn. App. 923, 198 P.3d 529 (2008); *State v. Carter*, 156 Wn. App. 561, 234 P.3d 275 (2010).

¶14 Child rape requires proof of "sexual intercourse" with a child. RCW 9A.44.079(1). Sexual intercourse can be proved with evidence of some form of penetration, but it can also be proved by "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another." RCW 9A.44.010(1)(c).

■ ¶15 Where the only evidence of sexual intercourse supporting a count of child rape is evidence of penetration, rape is not the same offense as child molestation. And this is so even if the penetration and molestation allegedly occur during a single incident of sexual contact between the child and the older person. The touching of sexual parts for sexual gratification constitutes molestation up until the point of actual penetration; at that point, the act of penetration alone, regardless of motivation, supports a separately punishable conviction for child rape.

¶16 But where the only evidence of sexual intercourse supporting a count of child rape is evidence of sexual contact involving one person's sex organs and the mouth or anus of the other person, that single act of sexual intercourse, if done for sexual gratification, is both the offense of molestation and the offense of rape. In such a case, the two offenses are not separately punishable. They are the same *in fact and in law* because all the elements of the rape as proved are included in molestation, and the evidence required to support the conviction for molestation also necessarily proves the rape. *See State v. Hughes*, 166 Wn.2d 675, 682-84, 212 P.3d 558 (2009) (convictions for second degree rape and rape of a child were the same offense, despite elements that differ facially); *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 820, 100 P.3d 291 (2004) (attempted murder and assault were the same offense where both were proved by a single gunshot directed at the same victim).

■■ ¶17 Because of the *potential* for a double jeopardy violation, it is appropriate to consider Land's claim that the jury instructions were deficient.

¶18 In *Noltie*, where the defendant was charged with two different instances of statutory rape, the possibility that he would be twice convicted for the same offense was averted by language in the to-convict instruction stating that the second count required proof of sexual intercourse " 'in an incident separate from and in addition to any incident that may have been proved' " in the first count. *Noltie*, 116 Wn.2d at 849 (emphasis omitted). Because the jury in *Mutch* did not receive a similar instruction, the State risked losing four out of the five convictions to a double jeopardy challenge. *Mutch*, 171 Wn.2d at 663. Although the jury instructions were deficient, the court nevertheless upheld all five convictions after determining that the information, instructions, testimony, and argument clearly demonstrated that the State was not seeking to impose multiple punishments for the same offense. *Mutch*, 171 Wn.2d at 663-65.

¶19 Like in *Mutch*, Land's jury did not receive an instruction informing them that each of the two counts involving SH, which allegedly occurred during the same charging period, required proof of a separate and distinct act. Land contends the jury could have convicted him on both counts based on a single act of sexual contact, done for sexual gratification, that involved his mouth coming in contact with SH's sex organs.

¶20 The testimony the jury heard does not support Land's theory. SH did not testify that Land's mouth came in contact with her sex organs. She testified that Land touched her breasts and "lower part," both over and under her clothing, on more than one occasion, sometimes kissing her while he touched her. This testimony supports Land's conviction for child molestation in the third degree under the broad definition of "sexual contact" in RCW 9A.44.010(2), as jurors could infer that Land's touching was done for his sexual gratification. The testimony does not support the conviction for rape of a child, however, because rape of a child requires proof of "sexual intercourse." RCW 9A.44.079(1). When "sexual inter-

course" is proved by "sexual contact," the contact must involve "the sex organs of one person and the mouth or anus of another." RCW 9A.44.010(1)(c). SH's testimony that Land kissed her on her "lower half" was too vague to prove that Land's mouth came in contact with her genitals. The only evidence that proved Land raped SH was her testimony about Land's use of his finger to penetrate her vaginal area.

¶21 In addition, the prosecutor's argument dispelled the possibility that jurors would view SH's vague testimony that Land kissed her on her "lower half" as proof of rape. The prosecutor highlighted SH's testimony about penetration as the crucial element proving rape:

> Or any penetration of the vagina, however slight, by an object, including a body part. And here that is the method in which he committed sexual intercourse to [SH], by penetrating her with his fingers.

The prosecutor then drew a distinction between the testimony about sexual contact that proved molestation and the testimony about penetration that proved rape:

> And [SH] as well described how she was victimized by the defendant, both by grabbing her breasts and also the sexual contact of her vaginal region until the point of actual penetration by the defendant.

¶22 Finally, the to-convict instructions, like the information, clearly delineated the two counts. This fact distinguishes Land's case significantly from *State v. Borsheim*, 140 Wn. App. 357, 368, 165 P.3d 417 (2007), where the to-convict instruction encompassed four identical counts in a single instruction. Here, instruction 30 stated that to convict Land of third degree child rape involving SH, the jury had to find that he had "sexual intercourse" with her during the charging period. Instruction 31 stated that to convict Land of third degree child molestation involving SH, the jury had to find that he had "sexual contact" with her during the charging period. Instructions 11 and 15

provided the statutory definitions of "sexual contact" and "sexual intercourse," respectively.

¶23 We conclude that SH's testimony, the prosecutor's arguments, the jury instructions, and the information made it manifestly apparent the State was not seeking to impose multiple punishments for the same offense. As in *Mutch*, there should have been an instruction informing the jury that each count had to be based on a separate and distinct act, but the absence of such an instruction did not violate Land's right to be free of double jeopardy.

## COMMUNITY CUSTODY TERM

¶24 The trial court sentenced Land to community custody for the longer of the period of early release, or 36 months "as capped by the statutory maximum." Clerk's Papers at 131-32. This type of sentence does not comply with present law because it does not specify when the term of community custody will actually end.

¶25 The controlling statute provides,

The term of community custody specified by this section *shall be reduced by the court* whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

RCW 9.94A.701(9) (emphasis added).

¶26 The statute became effective on July 26, 2009. Laws of 2009, ch. 375, § 5. For defendants like Land who were sentenced *after* this statute became effective, the trial court, not the Department of Corrections, is required to reduce an offender's term of community custody to ensure that the total sentence is within the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). The case must be remanded for resentencing to comply with *Boyd* and RCW 9.94A.701(9).

## CONDITIONS OF COMMUNITY CUSTODY

¶27 Land challenges six conditions of community custody included in his sentence. The State agrees to vacation of four of these conditions, and we accept these concessions for the reasons discussed below.

■ ¶28 In special condition 2, the court ordered Land to pay restitution to the victims in the form of payment for their counseling and medical treatment. The State correctly concedes that this condition must be stricken. The State did not seek restitution at the sentencing hearing on June 2, 2011, and the court did not order restitution at that time. The statutory time period requesting restitution has passed.

■ ¶29 In special conditions 7 and 8, the court prohibited Land from possessing certain materials and frequenting certain establishments. Special conditions 7 and 8 state,

> Do not possess, access, or view pornographic materials, as defined by the sex offender therapist and/or Community Corrections Officer. Do not frequent establishments whose primary business pertains to sexually explicit or erotic material.

> Do not possess sexual stimulus material for your particular deviancy as defined by a Community Corrections Officer and therapist except as provided for therapeutic purposes.

¶30 The State concedes that these prohibitions (with the exception of the second sentence of condition 7, which Land does not challenge) must be stricken under *State v. Bahl*, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008). We agree and accept the concession.

■ ¶31 Special condition 9 states, "Do not possess any item designated or used to entertain, attract or lure children." The State correctly concedes this condition must be stricken because it is unconstitutionally vague. There is no evidence in the record that Land used particular items to attract or entertain children. Thus, this condition is "utterly

lacking in any notice of what behavior would violate it." *Bahl*, 164 Wn.2d at 761.

¶32 Two conditions remain in dispute. Special condition 14 states, "Do not possess drug paraphernalia." Land argues this condition is not crime-related and is unconstitutionally vague.

¶33 The sentencing court has the discretion to impose "crime-related prohibitions" as conditions of community custody. RCW 9.94A.703(3)(f). A crime-related prohibition must be related to the circumstances of the crime for which the offender is being sentenced. RCW 9.94A-.030(10). Here, the State presented no evidence or argument that drug use, or possession of drug paraphernalia, bore any relation to Land's offenses.

¶34 The State defends the prohibition in condition 14 as a "monitoring tool" to ensure that Land complies with another condition that prohibits him from possessing or consuming controlled substances. But mere possession of drug paraphernalia is not a crime. *State v. George*, 146 Wn. App. 906, 918, 193 P.3d 693 (2008). And prohibiting it does not serve a monitoring function like polygraph testing or random urinalysis. Condition 14 must be stricken because it is not crime-related. We do not reach the issue of whether it is unconstitutionally vague.

¶35 Condition 23 states, "Participate in urinalysis, breathalyzer, polygraph and plethysmograph examinations as directed by your Community Corrections Officer." Land argues that requiring him to submit to plethysmograph testing at the discretion of a community corrections officer violates his constitutional right to be free from bodily intrusions. We agree. Plethysmograph testing is extremely intrusive. The testing can properly be ordered incident to crime-related treatment by a qualified provider. *State v. Castro*, 141 Wn. App. 485, 494, 170 P.3d 78 (2007). But it may not be viewed as a routine monitoring tool subject only to the discretion of a community corrections officer. On

remand, the reference to plethysmograph examinations in condition 23 must be stricken.

## STATEMENT OF ADDITIONAL GROUNDS

¶36 Land raises what appear to be evidentiary issues pursuant to RAP 10.10. He contends a poem written by SH could have prejudiced the jury against him. Because the poem is not in the record, and there is no credible evidence that it was submitted to jurors, we cannot review this claim. RAP 10.10(c).

¶37 Land hypothesizes that he would have fared better if the sex offenses he was charged with had been severed into separate trials. Land moved to sever the charges involving CG and his daughter RL before any charges were brought involving SH. The trial court denied the motion after giving due consideration to the factors discussed in *State v. Herzog*, 73 Wn. App. 34, 51, 867 P.2d 648, *review denied*, 124 Wn.2d 1022 (1994). Land identifies no basis for holding the denial to be an abuse of discretion.

¶38 Land suggests that SH was threatened into testifying against him. Without evidence supporting this allegation, Land has not identified a basis for a new trial.

¶39 Finally, Land contends the witnesses gave inconsistent testimony. This is not an argument that would warrant reversal because this court defers to the trier of fact on issues of credibility of the witnesses and persuasiveness of the evidence. *State v. J.P.*, 130 Wn. App. 887, 891-92, 125 P.3d 215 (2005).

¶40 The convictions are affirmed. The case is remanded for correction of the term and conditions of community custody consistent with this opinion.

GROSSE and LAU, JJ., concur.

Review denied at 177 Wn.2d 1016 (2013).