FILED
COURT OF APPEALS
DIVISION II

2014 MAY -6 AM 8: 30

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44205-1-II |
| Respondent, | |
| v. | |
| HENRY URQUIJO, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Henry Urquijo appeals his conviction for felony violation of a domestic violence no contact order and the community custody term of his sentence. He argues that (1) the trial court violated his public trial right when it heard peremptory challenges in private and (2) the trial court erred when it imposed a community custody term in excess of the statutory maximum. He also includes a pro se statement of additional grounds (SAG) arguing ineffective assistance of counsel and challenging witness credibility. We hold that the trial court's decision to hear peremptory challenges at a table in the courtroom did not violate Urquijo's right to an open and public trial. The issues in Urquijo's SAG are outside the record. The trial court erred when it sentenced Urquijo to the maximum term of confinement plus community custody for a term equal to the length of early release. Therefore, we affirm the conviction but remand to the trial court to amend the community custody term or to resentence.

## FACTS

The State charged Urquijo with felony violation of a domestic violence no contact order. After voir dire, the trial court stated,

> "Ladies and Gentlemen, I'm going to allow you to stand and stretch. I would ask that you stay in the courtroom, the attorneys and I are going to step over to the table with Mr. Urquijo. We are going to be having a chat and can—rest assured, we're talking about you."

Report of Proceedings (Jury Voir Dire) at 59. Neither party objected. Although the record of proceedings ends at this point, the clerk's voir dire minutes show that peremptory challenges began at 10:12 A.M. and the jury was empanelled shortly thereafter.

The jury found Urquijo guilty. The trial court sentenced him to 60 months of confinement and community custody for a "term to be equal to [the] length of earned early release, not to exceed 12 months." Clerk's Papers (CP) at 38. Urquijo appeals.

ANALYSIS

I.   PUBLIC TRIAL RIGHT

Urquijo first argues that the trial court violated his public trial right when it conducted peremptory challenges at a table inside the courtroom. This contention fails. In *State v. Dunn*, No. 43855-1-II, 2014 WL 1379172 (Wash. Ct. App. Apr. 8, 2014), we previously decided the issue Urquijo raised. In *Dunn*, we held that the trial court did not violate a defendant's right to a public trial when the attorneys exercised peremptory challenges during a sidebar. 2014 WL 1379172, at *3. In deciding this issue, we adopted the reasoning of Division Three of our court in *State v. Love*, 176 Wn. App. 911, 309 P.3d 1209 (2013) (peremptory challenges at sidebar). *Dunn*, 2014 WL 1379172, at *3. Following our rationale in *Dunn*, we hold that the trial court did not violate Urquijo's public trial right.

II.   SENTENCING

Urquijo next argues that the trial court erred when it imposed a community custody term in excess of the statutory maximum. The State agrees and suggests that the community custody term be omitted from the judgment and sentence. We remand to the trial court to comply with RCW 9.94A.701(9).

Under RCW 9.94A.701(9), "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." The statutory maximum for felony violation of a no contact order is 60 months. RCW 26.50.110(5); RCW 9A.20.021(1)(c). The trial court sentenced Urquijo to 60 months of confinement plus community custody for an amount "equal to [the] length of earned early release, not to exceed 12 months." CP at 38. But "the trial court, not the Department of Corrections, is required to reduce an offender's term of community custody to ensure that the total sentence is within the statutory maximum." *State v. Land*, 172 Wn. App. 593, 603, 295 P.3d 782 (remanding for resentencing after the trial court sentenced the defendant to community custody for the longer of the period of early release or 36 months, as capped by the statutory maximum), *review denied*, 177 Wn.2d 1016 (2013). The remedy for a violation of RCW 9.94A.701(9) is remand to the trial court to amend the community custody term or to resentence. *See State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Consequently, we remand to the trial court to amend the community custody term or to resentence Urquijo.

III.    STATEMENT OF ADDITIONAL GROUNDS

Urquijo asserts that he was denied effective assistance of counsel because (1) his attorney did not ask witnesses all of the questions that Urquijo wanted him to ask and (2) Urquijo believes his attorney is friends with the prosecutor outside of court. These claims rely on matters outside the record and will not be reviewed in an appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). They are better suited to a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

3

Urquijo next asserts that two of the State's witnesses were not credible. Credibility determinations are for the trier of fact and are not subject to review. *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d 725 (2006). Therefore, this claim also fails.

Based on the foregoing, we affirm Urquijo's conviction, and we remand to the trial court to amend the community custody term or to resentence Urquijo.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Hunt, J.

_____
Worswick, C.J.