FILED
COURT OF APPEALS
DIVISION II

2014 DEC -9 AM 10: 31

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45929-9-II |
| Respondent, | |
| v. | |
| CHRISTOPHER E. THOMPSON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Christopher Thompson appeals his sentence for unlawful possession of methamphetamine,[1] arguing that the sentencing court erred by imposing a community custody condition that prohibits Thompson from entering places whose primary business is the sale of liquor. The State concedes this error. Because entering places whose primary business is the sale of liquor does not relate to the circumstances of Thompson's offense, we agree with Thompson and accept the State's concession and remand for the trial court to vacate the community custody condition prohibiting Thompson from entering places whose primary business is the sale of liquor.

## FACTS

A jury found Thompson guilty of possession of methamphetamine for possessing a bag of methamphetamine at a courthouse in May 2013. Nothing in the record suggests that alcohol was involved in the offense. At sentencing, the trial court found that Thompson had a chemical

---

[1] RCW 69.50.4013.

dependency that contributed to the offense, but did not find that entering bars, taverns, or places whose primary business is the sale of liquor related to the offense.

The trial court sentenced Thompson to 16 months in jail, followed by 12 months of community custody. As a condition of his community custody, Thompson was required not to "go into bars, taverns, lounges, or other places whose primary business is the sale of liquor." Clerk's Papers at 22. Thompson did not object to this condition at sentencing. Thompson appeals, challenging only this community custody condition.

DISCUSSION

Thompson argues, and the State concedes, that the trial court erred by imposing a community custody condition that prohibits him from entering into places whose primary business is the sale of liquor. We agree.

A defendant may challenge illegal or erroneous sentences for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008); *State v. Jones*, 118 Wn. App. 199, 204, 76 P.3d 258 (2003). We review de novo whether a trial court had statutory authority to impose community custody conditions. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

RCW 9.94A.701(3)(c) requires a sentencing court to sentence an offender to community custody when the offender is sentenced to jail for possession of a controlled substance. Under the terms of community custody, a sentencing court has discretionary authority to impose crime-related prohibitions. RCW 9.94A.703(3)(f); *State v. Land*, 172 Wn. App. 593, 605, 295 P.3d 782 (2013), *review denied*, 177 Wn.2d 1016 (2013). A "crime-related prohibition" is one that involves "conduct that directly relates to the circumstance of the crime for which the offender has been convicted." RCW 9.94A.030(10).

No. 45929-9-II

A trial court has authority to prohibit alcohol consumption as a community custody condition, regardless of the underlying offense's nature. But it lacks authority to prohibit the purchase and possession of alcohol unless alcohol is "reasonably related to the circumstances of [the defendant's] alleged offenses." *State v. McKee*, 141 Wn. App. 22, 34, 167 P.3d 575 (2007).

Here, entering places whose primary business is the sale of liquor does not reasonably relate to the circumstances of Thompson's possession of methamphetamine. Thus, the trial court erred by imposing the community custody condition that prohibits Thompson from entering places whose primary business is the sale of liquor. *McKee*, 141 Wn. App. at 34.

We accept the State's concession and remand for the trial court to vacate the community custody condition prohibiting Thompson from entering places whose primary business is the sale of liquor.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Melnick, J.

3