# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74358-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAI MINH NGUYEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 17, 2017 |
| | ) | |

VERELLEN, C.J. — Hai Minh Nguyen was charged with one count of first degree rape of a child and one count of second degree rape of a child based on acts of oral-genital contact and other acts of sexual intercourse. Nguyen was also charged with one count of first degree child molestation and one count of second degree child molestation based on other incidents not involving oral-genital contact. The jury was not instructed that it must find Nguyen committed each count as a separate and distinct act from the other counts charged. But because it was manifestly apparent to the jury that the State was not seeking multiple punishments against Nguyen for the same act, there was no double jeopardy violation.

The trial court imposed a community custody condition prohibiting Nguyen from possessing, using, accessing, or viewing any sexually explicit material, erotic material, or any material depicting any person engaged in sexually explicit conduct. Because the

condition adequately warns Nguyen of the prohibited conduct and it is reasonably related to the circumstances of his crimes, his challenge fails.

The trial court imposed a community custody condition that imposed a curfew on Nguyen. We accept the State's concession that this condition was not crime-related and should be stricken.

The trial court also imposed a community custody condition that Nguyen cannot enter areas where minors are known to congregate as defined by the community corrections officer. We agree with the parties that this portion of the condition is not sufficiently definite to apprise Nguyen of the prohibited conduct and allows for arbitrary enforcement by his community corrections officer.

Therefore, we affirm and remand with instructions to strike special condition 7 and the unconstitutionally vague portion of crime-related prohibition 18.

## FACTS

T.P. lived with her parents and little sister in a house in South Seattle.[1] T.P.'s mother worked long hours, and her father picked T.P. and her sister up from school each day. Nguyen rented a bedroom in their house. Nguyen was employed, but he would usually get home shortly after T.P. and her sister returned from school.

Nguyen sexually abused T.P. for the first time when she was approximately six years old. While T.P. was sitting on Nguyen's lap at the table, he massaged her breasts underneath her shirt. When T.P. was six or seven years old, Nguyen put his mouth on

---

[1] Because the victim in this case was a minor, she will be referred to by her initials.

2

her breasts.

Beginning when T.P. was eight or nine years old, Nguyen began sexually assaulting her on a regular basis. He performed oral sex on T.P. He penetrated her vagina with his fingers.

When T.P. was eleven years old, Nguyen followed T.P. into a spare bedroom and penetrated her with his finger and penis.

The final time Nguyen sexually assaulted T.P., she was thirteen years old. T.P. testified Nguyen digitally penetrated her and put his mouth on her genitals.

The State charged Nguyen with one count of first degree rape of a child, one count of first degree child molestation, one count of second degree rape of a child, and one count of second degree child molestation.

The jury was provided separate to-convict instructions for each of the four counts. Following each to-convict instruction, the jury was instructed it must "unanimously agree as to which act has been proved."[2] But none of the instructions required the jury to find "an act separate and distinct" from the other counts. The jury returned guilty verdicts on all counts.

Nguyen appeals.

## ANALYSIS

### *Double Jeopardy*

Nguyen contends the jury instructions violated his right against being placed in double jeopardy because they allowed multiple punishments for the same act.

---

[2] Clerk's Papers (CP) at 39, 42, 45, 48.

"The constitutional guaranty against double jeopardy protects a defendant against multiple punishments for the same offense."[3] This court reviews a double jeopardy claim de novo, and it may be raised for the first time on appeal.[4] We "may consider insufficient jury instructions 'in light of the full record' to determine if the instructions 'actually effected a double jeopardy error.'"[5]

In State v. Land, this court recognized when an act of sexual intercourse involves oral-genital contact only, if done for sexual gratification, that conduct is both molestation and rape.[6] Because they are the same in fact and in law, they are not separately punishable.[7] When both are charged, the jury instructions must require that the rape of a child and child molestation counts be based on separate and distinct acts.[8] The absence of such language presents the potential for double jeopardy.[9] But there is no violation of the defendant's guarantee against double jeopardy if, considering the evidence, arguments, and jury instructions in their entirety, it is "*manifestly apparent* to the jury that the State [was] not seeking to impose multiple punishments for the same offense."[10]

---

[3] State v. Land, 172 Wn. App. 593, 598, 295 P.3d 782 (2013) (citing U.S. CONST. amend. V; WASH. CONST. art. I, § 9).

[4] Id.

[5] State v. Peña Fuentes, 179 Wn.2d 808, 824, 318 P.3d 257 (2014) (quoting State v. Mutch, 171 Wn.2d 646, 664, 254 P.3d 803 (2011)).

[6] 172 Wn. App. 593, 600, 295 P.3d 782 (2013).

[7] Id.

[8] Id. at 600-01.

[9] Id.

[10] Mutch, 179 Wn.2d at 664 (quoting State v. Berg, 147 Wn. App. 923, 931, 198 P.3d 529 (2009)).

4

The State argues the rape of a child and child molestation crimes are not identical offenses, and multiple punishments are authorized. The State asks us to disagree with this court's "same in fact and in law" analysis in Land. But we need not reach the State's argument disputing Land because we resolve this case under the "manifestly apparent" theory.

Nguyen contends it was not manifestly apparent to the jury that each conviction was based on a separate and distinct act. We disagree.

In State v. Peña Fuentes, the defendant was convicted of one count of first degree rape of a child and two counts of first degree child molestation.[11] The jury instruction for the one count of rape of a child did not require that the conduct must have occurred on an occasion separate and distinct from the child molestation charges.[12] Our Supreme Court held "it was manifestly apparent that the convictions were based on separate acts because the prosecution made a point to clearly distinguish between the acts that would constitute rape of a child and those that would constitute child molestation."[13]

The Peña Fuentes court focused upon the clear election by the State in closing argument:

> In the prosecutor's closing argument, he *addressed count I (child rape)* and *identified the two specific acts that occurred* at the condo that supported a child rape conviction. The prosecutor *then addressed counts III and IV, which involved child molestation that occurred during the same time period as count I.* The prosecutor *clearly used "rape" and "child molestation" to describe separate and distinct acts.* He divided Peña Fuentes's behaviors into two categories—the acts involving penetration,

---

[11] 179 Wn.2d 808, 823, 318 P.3d 257 (2014).

[12] Id.

[13] Id. at 825.

which constituted rape, and the other inappropriate acts, which constituted molestation. And again, the defendant did not challenge the number of acts or whether the acts overlapped; he challenged only J.B.'s believability. The jury ultimately believed J.B.'s testimony regarding the various acts that occurred at the condo.[14]

In addition to the clear election in closing argument, the "manifestly apparent" cases recognize other factors such as clear and distinct references to rape of a child and molestation, separate to-convict instructions, the clarity of the evidence presented at trial, and whether the defense challenged the credibility of the victim rather than the number of acts or whether the acts overlapped.[15]

Consistent with Peña Fuentes, the evidence, jury instructions, and closing argument made it manifestly apparent to the jury that the State was not seeking to punish Nguyen multiple times for a single act. T.P.'s testimony was clear about separate instances of rape during the charging period before she was twelve and the charging period after she was twelve. She testified that Nguyen digitally penetrated her multiple times, the first time when she was eight or nine years old, and the last time when she was thirteen. T.P. testified to one incident of penile penetration that occurred when she was eleven years old. She also testified that Nguyen put his mouth on her genitals on several occasions between the ages of nine and thirteen.

In closing argument, the State clearly elected the acts it relied on for each count and distinguished between the different charging periods:

---

[14] Id. at 825-26 (emphasis added) (citations omitted).

[15] See id. at 825; Land, 172 Wn. App. at 602-03; State v Borsheim, 140 Wn. App. 357, 368, 165 P.3d 417 (2007); State v. Wallmuller, 164 Wn. App. 890, 898-99, 265 P.3d 940 (2011); State v. Daniels, 183 Wn. App. 109, 118-21, 332 P.3d 1142 (2014).

So what we're talking about in Count I is the times that the Defendant penetrated [T.P.], penetrated her vagina with his finger, prior to her turning twelve years old, and any of the many times the Defendant performed oral sex on [T.P.] prior to her turning twelve years old.[16]

The State also clearly elected the acts it relied on to support the first degree child molestation count: "So for Count II, what we're talking about here are the many times that the Defendant rubbed, massaged [T.P.]'s breasts prior to her twelfth birthday."[17]

As to the second degree rape of a child count involving the second charging period, the State noted, "Again, we talked about what sexual intercourse means. For this particular charging period, again, we're talking about the many times the Defendant penetrated [T.P.]'s vagina with his finger after she turns twelve and before he moves out of the house in March 2013."[18]

Finally, the State addressed the child molestation count based on the second charging period:

What we're talking about in Count [IV] are the times the Defendant touched, massaged, rubbed [T.P.]'s breasts after her twelfth birthday and before he left the house. That the Defendant himself admitted to in his statement when he said he rubbed her breasts [when] she was thirteen.[19]

Similar to the prosecutor's closing remarks in Peña Fuentes, the State drew a clear distinction between the alleged acts of rape of a child and child molestation. The jury received separate to-convict instructions for each count, and the evidence presented at trial did not blur or confuse the acts of sexual intercourse by oral-genital

---

[16] Report of Proceedings (RP) (Oct. 27, 2015) at 482.

[17] Id. at 483.

[18] Id. at 484.

[19] Id.

contact with acts of other sexual contact. And, except for his admission of a single act of touching T.P.'s chest through her clothes, Nguyen attacked T.P.'s credibility instead of challenging the number of acts or whether the acts overlapped.

Nguyen's attempts to distinguish Peña Fuentes are not persuasive. Nguyen suggests the Peña Fuentes court relied on the prosecutor's division of the acts into two categories: "'acts involving penetration, which constituted rape, and the other inappropriate acts, which constituted molestation.'"[20] But Peña Fuentes is not so narrow. The court emphasized the clarity of the State's closing remarks, not the specific categories described by the prosecutor.[21]

Relying on State v. Kier,[22] Nguyen argues an election in closing cannot cure a double jeopardy violation. But the Kier court merely noted that it could not "consider the closing statement *in isolation.*"[23] Here, we do not rely on the State's closing argument in isolation. As discussed, other factors recognized in the "manifestly apparent" cases are also present.

Alternatively, Nguyen contends the State's use of a unanimity instruction does not cure a double jeopardy violation. Nguyen relies on State v. Borsheim.[24] In that case, this court held a unanimity instruction did not cure a double jeopardy violation where the jury was given one single to-convict instruction for four separate identical

---

[20] Appellant's Reply Br. at 7-8 (quoting Peña Fuentes, 179 Wn.2d at 825).

[21] Peña Fuentes, 179 Wn.2d at 826 ("*Because of the clarity of the prosecutor's closing argument,* we believe . . . .") (emphasis added).

[22] 164 Wn.2d 798, 194 P.3d 212 (2008).

[23] Id. at 813 (emphasis added).

[24] 140 Wn. App. 357, 165 P.3d 417 (2007).

counts.[25] But here, we do not rely on a unanimity instruction to resolve a separate and distinct act requirement for *identical counts*, as was the case in <u>Borsheim</u>.

Nguyen was not charged with identical counts, the jury received separate to-convict instructions for each count, and the jury reached individual verdicts for each count. Importantly, the State elected the acts on which it relied for each count. This narrowed the jury's consideration to specific instances during two charging periods. None of the acts the State elected for child molestation included oral-genital contact.[26]

In conclusion, the State's closing argument was clear. There was no suggestion, direct or indirect, that acts of sexual intercourse including oral-genital contact were the basis for any of the counts of child molestation. The State clearly referred to the rape charges and child molestation charges as distinct counts. And the defense focused on the credibility of the victim rather than the number of acts or whether the acts overlapped. It was manifestly apparent to the jury that the State was not seeking to impose multiple punishments for the same act. Nguyen was not denied his right to be free from double jeopardy.

---

[25] <u>Id.</u> at 370.

[26] Nguyen's assignment of error and arguments address the lack of instruction and need for the rape charges to be supported by acts separate and distinct from the molestation charges. Nguyen does not assert a need for separate and distinct acts to support multiple identical counts as addressed in <u>Borsheim</u>. <u>See</u> <u>Borsheim</u>, 140 Wn. App. at 367; <u>see</u> Appellant's Br. at 1.

*Community Custody Conditions*

We review community custody conditions for abuse of discretion and "will reverse them only if they are 'manifestly unreasonable.'"[27] "Imposing an unconstitutional condition will always be 'manifestly unreasonable.'"[28]

(A) Special Condition 11: Sexually Explicit Material

Nguyen argues the community custody provision prohibiting him from possessing, using, accessing, or viewing sexually explicit and erotic materials is unconstitutionally vague and is not crime related.

The guarantee of due process in the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution requires that laws not be vague.[29] "The laws must (1) provide ordinary people fair warning of proscribed conduct, and (2) have standards that are definite enough to 'protect against arbitrary enforcement.'"[30] A community custody condition is unconstitutionally vague if it fails to do either.[31] "However, 'a community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.'"[32]

Special condition 11 provides:

---

[27] State v. Irwin, 191 Wn. App. 644, 652, 364 P.3d 830 (2015) (quoting State v. Sanchez Valencia, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010))

[28] Id. (quoting Sanchez Valencia, 169 Wn.2d at 791-92).

[29] State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008).

[30] Irwin, 191 Wn. App. at 652-53 (quoting id.).

[31] Id. at 653 (citing Bahl, 164 Wn.2d at 753).

[32] Id. (quoting Sanchez Valencia, 169 Wn.2d at 793).

Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your sexual deviancy provider.[33]

Nguyen contends the prohibition in the condition is broad and gives no context that would enable an ordinary person to understand what is disallowed. But the special condition expressly references the statutory definitions for "sexually explicit materials," "erotic materials," and "material depicting any person engaged in sexually explicit conduct."

Unlike State v. Bahl, where our Supreme Court held that a community custody condition allowing the supervising community corrections officer to define "sexual stimulus material" was unconstitutionally vague,[34] the condition in this case does not require further definition. Here, the condition allows a sexual deviancy provider to give Nguyen prior approval to possess such material, but does not give the provider or community corrections officer the authority to determine the definition of the prohibited material. Consistent with the statutory definitions, the terms are not beyond the understanding of an ordinary person.[35]

Alternatively, Nguyen argues the condition is not crime-related.

We review the factual basis for crime-related conditions under a "substantial evidence" standard.[36] Reviewing courts will strike community custody conditions when

---

[33] CP at 65.

[34] 164 Wn.2d 739, 761, 193 P.3d 678 (2008).

[35] Nguyen contends the statutory definitions of "sexually explicit material," "sexually explicit conduct," and "erotic material" could lead to uncertainty, but cites no authority for his hypothetical scenarios. See Appellant's Br. at 23-26.

[36] Irwin, 191 Wn. App. at 656.

11

there is no evidence in the record that the circumstances of the crime related to the community custody condition.[37] Courts will uphold crime-related community custody decisions when there is some basis for the connection.[38] There is no requirement that the prohibited activity be factually identical to the crime.[39] Conditions regarding "access to X-rated movies, adult book stores, and sexually explicit materials" are crime-related and properly imposed for sex offenses.[40]

Here, Nguyen was convicted of rape of a child and child molestation based on numerous acts over several years. Viewed in a light most favorable to the State, these constituted acts of sexual deviancy involving the inability to control sexual conduct. Whether viewed under the sufficiency of the evidence or abuse of discretion standard, Nguyen's criminal conduct is reasonably related to restricting access to sexually explicit or erotic material because of the inherent sexual nature of the materials.

We conclude that the condition prohibiting Nguyen from possessing, using, accessing, or viewing any sexually explicit material, or erotic material, or any material depicting any person engaged in sexually explicit conduct as defined by statute is not unconstitutionally vague and is reasonably related to the circumstances of Nguyen's crimes.

(B) Special Condition 7 and Crime-Related Prohibition 18

The State concedes that special condition 7 requiring Nguyen to abide by a curfew is not sufficiently crime-related and should be stricken. We agree.

---

[37] Id. at 656-57.

[38] Id. at 657.

[39] Id. at 656-57.

[40] State v. Magana, 197 Wn. App. 189, 201, 389 P.3d 654 (2016).

12

Nguyen argues crime-related prohibition 18 is unconstitutionally vague because it insufficiently apprises him of prohibited conduct and allows for arbitrary enforcement. The condition provides, "Do not enter any parks/playgrounds/schools and or any places where minors congregate."[41]

A condition that orders a defendant not to frequent areas where minor children are known to congregate without specifying the exact off-limits locations is unconstitutionally vague.[42]

The State concedes that the "or any place where minors congregate" portion of the prohibition should be stricken, but argues the first clause, "Do not enter any parks/playgrounds/schools" is sufficiently definite and need not be stricken. We agree. "Parks," "playgrounds," and "schools where children congregate" are commonly understood terms.

We conclude the portion of prohibition 18 reading, "any places where minors congregate" shall be stricken on remand,[43] but the trial court may preclude Nguyen from entering parks, playgrounds, or schools where children congregate.[44]

*Appellate Costs*

Appellate costs are generally awarded to the substantially prevailing party.[45] However, when a trial court makes a finding of indigency, that finding remains

---

[41] CP at 65.

[42] Irwin, 191 Wn. App. at 655.

[43] State v. Johnson, 180 Wn. App. 318, 329, 327 P.3d 704 (2014) (Division Two of this court remanded and ordered the trial court to either clarify a term in the condition, or strike the portion of the condition using that term.).

[44] See Irwin, 191 Wn. App. at 654-55.

[45] RAP 14.2.

throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency."[46]

Here, Nguyen was found indigent on appeal by the trial court. If the State has evidence indicating Nguyen's financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner. Otherwise, the State is not entitled to appellate costs.

*Statement of Additional Grounds for Review*

In his statement of additional grounds for review, Nguyen denies that the events occurred, asserts he has not threatened or harmed anyone, and believes the jury already believed he was guilty. But these general statements do not support any relief on appeal.

We affirm and remand with instruction to strike special condition 7 and the unconstitutionally vague portion of crime-related prohibition 18 from appendix H of the judgment and sentence.

WE CONCUR:

_____
Spearman, J.

_____
Verellen, C.J.

_____
Leach, J.

---

[46] Id.