**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br>    v.<br><br>RAPHAEL ANTON HENSON,<br><br>                    Appellant. | No. 78490-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — Raphael Anton Henson appeals his convictions of second degree organized retail theft and first degree trafficking in stolen property. He claims that Seattle Police Detective Jill Vanskike provided improper opinion testimony that denied him the constitutional right to a fair trial. Henson also challenges the trial court's imposition of the DNA collection fee and failure to timely issue findings of facts and conclusions of law after a CrR 3.5 hearing. Because neither Vanskike's testimony, nor the untimely filing of the findings of fact and conclusions of law prejudiced Henson, we affirm his conviction. But, we remand for the trial court to strike the DNA collection fee.

BACKGROUND

Between September 2016 and March 2017, Marshalls and Big 5 Sporting Goods stores at Westwood Town Center in Seattle experienced a number of thefts by the same individual. The stores' surveillance cameras recorded the thefts.

Citations and pincites are based on the Westlaw online version of the cited material.

Numerous store employees and responding police officers identified Raphael Anton Henson from surveillance snapshots.

Seattle Police Detective Jill Vanskike theorized that Henson was selling the stolen items to a used clothing store called Plato's Closet. Vanskike contacted Plato's Closet and asked them to call if Henson came into the store. On March 15, 2017, Plato's Closet called Vanskike who directed police officers to respond. Officers Ricardo Martinez, Nathan Worthen, Ken Mazzuca, and Thomas Burns escorted Henson out of the store and arrested him. Before and after receiving his Miranda rights, Henson made numerous statements to the officers. The items that Henson attempted to sell to Plato's Closet, and the items later found during a search pursuant to a warrant of Henson's car, matched those taken from Big 5 Sporting Goods.

On July 28, 2017, the State charged Henson with one count first degree organized retail theft, and one count first degree trafficking in stolen property. Henson waived his right to be represented by legal counsel.

The trial court held a pretrial CrR 3.5 hearing on September 28, 2017 and October 2, 2017 to determine the admissibility to some of Henson's statements to the officers. The trial court made oral findings but did not issue written findings of fact and conclusions of law about the admissibility of Henson's statements until September 5, 2019.

During trial, Kendall Fischer testified she was a cashier and sales associate at Big 5 Sporting Goods in 2017. Fischer testified that on March 28, 2017,

Vanskike asked her to review six photos and identify "the chronic shoplifter." Fischer identified Henson in photo number three and then Vanskike wrote "chronic shoplifter" under the photo. Vanskike testified that Henson was a "chronic shoplifter." Henson did not object to Vanskike's testimony. However, the court recognized that Vanskike's "chronic shoplifter" testimony was "her opinion that goes to really the essence of the crime."

The trial court determined that the photo montages used to identify Henson, and read into the record at trial, included Vanskike's statement and opinion that Henson was a "chronic shoplifter." The trial court determined this statement "is clearly [Vanskike's] opinion that goes to really the essence of the crime." The trial court instructed the prosecution to redact the term "chronic shoplifter" from the photo montages. The trial court also instructed the jury to disregard testimony that Henson was a "chronic shoplifter."

A jury found Henson not guilty of first degree organized retail theft, but convicted him of second degree organized retail theft and first degree trafficking in stolen property. The trial court sentenced Henson to concurrent sentences of 43 months for organized retail theft and 63 months for trafficking in stolen property. The trial court ordered Henson to pay $600 in legal financial obligations including a $100 DNA database fee.

Henson appeals. The trial court found Henson indigent and entitled to counsel on appeal at public expense.

3

ANALYSIS

<u>Opinion Testimony</u>

For the first time on appeal, Henson asserts Vanskike's testimony denied him the constitutional right to a fair trial.

Generally, this court will not consider issues raised for the first time on appeal.[1] But, a party may raise an error for the first time on appeal if it concerns a manifest error affecting a constitutional right.[2] "The defendant has the initial burden of showing that (1) the error was 'truly of constitutional dimension' and (2) the error was 'manifest.'"[3] "A defendant cannot simply assert that an error occurred at trial and label the error 'constitutional.'"[4] "The defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights; it is this showing of actual prejudice that makes the error 'manifest', allowing appellate review."[5] "If a court determines the claim raises a manifest constitutional error, it may still be subject to harmless error analysis."[6]

---

[1] RAP 2.5(a).
[2] RAP 2.5(a).
[3] <u>State v. Grimes</u>, 165 Wn. App. 172, 185-86, 267 P.3d 454 (2011) (quoting <u>State v. O'Hara</u>, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)).
[4] <u>Grimes</u>, 165 Wn. App. at 186.
[5] <u>State v. McFarland</u>, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995) (citing <u>State v. Scott</u>, 110 Wn.2d 682, 688, 757 P.2d 492 (1988), <u>State v. Lynn</u>, 67 Wn. App. 339, 346, 835 P.2d 251 (1992).
[6] <u>State v. Kirkman</u>, 159 Wn.2d 918, 927, 155 P.3d 125 (2007).

"Impermissible opinion testimony regarding the defendant's guilt may be reversible error because such evidence violates the defendant's constitutional right to a jury trial, which includes the independent determination of the facts by the jury."[7]

Henson's assertion involves opinion testimony. But, because the trial court determination went to "the essence of the crime," it instructed the jury to disregard Vanskike's opinion testimony. The trial court also redacted the term "chronic shoplifter" from the photo montages. Because we assume a jury follows the court's instructions and the court instructed the jury to disregard Vanskike's opinion testimony, the testimony did not deny Henson a fair trial. So, there is no actual prejudice and no manifest error.

Even if Vanskike's testimony had been a manifest error, the error would have been harmless because ample evidence supports the jury's finding of second degree organized retail theft and first degree trafficking in stolen property beyond any reasonable doubt.[8]

DNA Collection Fee

Henson challenges the trial court's imposition of a $100 DNA collection fee. He asserts that RCW 43.43.754 relieves him from submitting a DNA sample because he did so for an earlier conviction. The State concedes that the court should strike the $100 DNA collection fee on remand. We accept the State's concession and remand for the trial court to strike it.[9]

---

[7] Kirkman, 159 Wn.2d at 927.

[8] We deny the State's request, that because the court struck Vanskike's opinion testimony from the record and it was not admitted into evidence, this court should review the issue as a trial irregularity that denied Henson a fair trial.

[9] State v. Land, 172 Wn. App. 593, 605, 295 P.3d 782 (2013).

<u>CrR 3.5</u>

In his opening brief, Henson correctly notes that the trial court did not issue written findings of fact and conclusions of law on the admissibility of his statements to officers following its CrR 3.5[10] hearing on September 28, 2017 and October 2, 2017. He contends remand for entry of the findings of fact and conclusions of law is appropriate. But, after Henson filed his brief, the trial court issued findings of fact and conclusions of law. This makes this issue moot.

Henson cites <u>State v. Head</u> where the Washington Supreme Court determined the failure to enter written findings of fact and conclusions of law as required by CrR 6.1 was cause for remand for entry.[11] There, the Court determined "[w]e will not infer prejudice, however, from delay in entry of written findings of fact and conclusions of law."[12] Because Henson has not filed a reply brief and does not appeal the trial court's admissibility determination, he has not demonstrated he was prejudiced by the delay.[13] And, we will not infer prejudice.

## CONCLUSION

Because the trial court instructed the jury to disregard Vanskike's opinion testimony, Henson was not denied a fair trial. So, we affirm Henson's conviction. But, we remand for the trial court to strike the DNA collection fee. Henson's request for remand for entry of findings of fact and conclusions of law is moot.

---

[10] CrR 3.5
[11] 136 Wn.2d 619, 624, 964 P.2d 1187 (1998).
[12] <u>Head</u>, 136 Wn.2d at 625.
[13] <u>State v. Quincy</u>, 122 Wn. App. 395, 398, 05 P.3d 353 (2004).

Even if it were not moot, the delay in issuing the findings of fact and conclusions of law did not prejudice Henson.

_____ Leach, J.

WE CONCUR:

_____  _____