# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 52575-5-II |
| ANTHONY CORNELIUS ROWE, | |
| Petitioner. | UNPUBLISHED OPINION |

MELNICK, J. — Anthony Rowe seeks relief from personal restraint imposed following his 2005 plea of guilty to rape of a child in the first degree, rape of a child in the second degree, and possession of depictions of a minor engaged in sexually explicit conduct. In this, at least his seventh petition challenging his judgment and sentence,[1] he argues that the following community custody conditions are not crime-related and are therefore invalid:

> (9) Remain within geographic boundary, as set forth in writing by the Community Corrections Officer.
> . . . .

---

[1] See Order Dismissing Petition, *In re Pers. Restraint of Rowe*, No. 41543-7-II (Jun. 30, 2011); Order Dismissing Petition, *In re Pers. Restraint of Rowe*, No. 44702-9-II (Nov. 19, 2013); Order Dismissing Petition, *In re Pers. Restraint of Rowe*, No. 50562-2-II (Oct. 19, 2017); Order Dismissing Petition, *In re Pers. Restraint of Rowe*, No. 52225-0-II (Nov. 6, 2018); Order Dismissing Petition, *In re Pers. Restraint of Rowe*, No. 52645-0-II (Nov. 6, 2018); and Order Dismissing Petition, *In re Pers. Restraint of Rowe*, No. 52935-1-II (Apr. 2, 2019).

(13) You shall not possess or consume any mind or mood altering substances, to include alcohol, or any controlled substances without a valid prescription from a licensed physician.

. . . .

(15) Do not possess or peruse pornographic materials. Your community corrections officer will define pornographic material.

. . . .

(17) Do not initiate or prolong physical contact with children under the age of 18 for any reason.

(18) Inform your community corrections officer of any romantic relationships to verify there are no victim-age children involved.

(19) Submit to polygraph and plethysmograph testing upon direction of your community corrections officer or therapist at your expense.

. . . .

(21) Avoid places where children congregate. (Fast-food outlets, libraries, theaters, shopping malls, playgrounds and parks.)

. . . .

(25) You shall not have access to the internet unless the computer has child blocks in place and active.

Pers. Restraint Petition Attachment (Judgment and Sentence (Felony) Appendix H Community Placement/Custody.

RCW 10.73.090(1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Rowe's judgment and sentence became final on January 14, 2005, when the trial court entered it. RCW 10.73.090(3)(a). He did not file his petition until September 12, 2018, more than one year later. Unless he shows that one of the exceptions in RCW 10.73.100 applies or shows that his judgment and sentence is facially invalid, his petition is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Rowe does not argue that any of the exceptions in RCW 10.73.100 apply. His claim that the above conditions are not crime related cannot be determined from the face of judgment and sentence, so those claims are time barred. *See State v. Johnson*, 180 Wn. App. 318, 325-26, 327 P.3d 704 (2014).

Rowe also argues that conditions 9, 15, 18, 19, and 21 are unconstitutionally vague. He fails to show condition 9 is unconstitutionally vague. As to the argument that condition 15 is unconstitutionally vague under *State v. Bahl*, 164 Wn.2d 739, 757-58, 193 P.3d 678 (2008), the State concedes that Rowe is correct and that the condition should be modified to make it constitutionally acceptable. As to the argument that condition 18 is unconstitutionally vague, the State concedes that under *United States v. Reeves*, 591 F.3d 77 (2d Cir. 2010), Rowe is correct and that the condition should be modified to make it constitutionally acceptable. As to condition 19, the State concedes that under *State v. Land*, 172 Wn. App. 593, 605-06, 295 P.3d 782 (2013), the condition must be clarified to provide that the plethysmograph testing can only be for treatment purposes and not for routine monitoring purposes. Finally, Rowe's argument that condition 21 is unconstitutionally vague was rejected in *State v. Wallmuller*, 194 Wn.2d 234, 245, 449 P.3d 619 (2019).

We grant Rowe's petition in part and remand to the trial court to modify community custody conditions 15, 18, and 19 as provided above. We deny the remainder of his petition. We deny Rowe's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Sutton, A.C.J.

_____
Glasgow, J.