IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39575-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VICTOR P. HUDAK, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — As part of his sentence for first degree child molestation, the trial court ordered Victor Hudak to comply with several community custody provisions and to pay various legal financial obligations. Hudak argues that several conditions exceed the court's statutory authority. The State concedes on all issues. We accept the State's concessions and direct the sentencing court to strike five conditions and modify one.

## FACTS

A jury found Victor Hudak guilty of first degree child molestation, and the trial court sentenced him on February 17, 2023. The court ordered Hudak to pay a $500

victim penalty assessment (VPA) and a $100 DNA collection fee.  It also found him

indigent.  As part of Hudak's sentence, the court also imposed several community custody

conditions, including the following that are challenged on appeal:

> (a)  MANDATORY CONDITIONS:  Defendant shall comply with
> the following conditions during the term of community
> placement/custody:
> . . . .
>> (5)  Pay supervision fees as determined by the Department of
>> Corrections;
> . . . .
> (b)  OTHER CONDITIONS:  Defendant shall comply with the following
> other conditions during the term of community placement/custody:
> . . . .
>> 2.  Pay for any fees that may be generated from counseling for
>> the victim(s).
> . . . .
>> 5.  Submit to and pay for any polygraph examination, as directed
>> by his Supervising Officer or the sexual deviancy treatment
>> provider.
> . . . .
>> 11.  Submit to drug testing as directed by assigned [community
>> corrections officer].

Clerk's Papers (CP) at 163-64.  Hudak did not object to the costs noted above or the

above conditions.

## ANALYSIS

Hudak contends (1) the counseling costs in "Other Condition" 2 are not authorized

by statute, (2) the polygraph testing provision in Other Condition 5 exceeds the limits

allowed by statute, (3) the mandatory drug testing in Other Condition 11 is not crime related, (4) community custody supervision fees such as "Mandatory Condition" 5 are no longer allowed by statute, (5) the requirement that he pay for polygraph examinations is merely a more specific form of an impermissible supervision fee, and (6) his legal financial obligations should be struck because he is indigent. The State properly concedes all issues.

A.    REVIEWABILITY

Community custody conditions may be challenged for the first time on appeal. *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). An offender's preenforcement challenge to community custody conditions is ripe if the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008). The State, properly, does not dispute that Hudak's challenges are reviewable.

B.    STATUTORY AUTHORITY

Preliminarily, we emphasize that a court's authority to impose community custody conditions is statutory. RCW 9.94A.703 is the statutory authority. It is this statute where an analysis of each community custody condition must start.

C.    CHALLENGED CONDITIONS

*1.    Victim counseling costs*

A trial court may order reimbursement for a victim's actual expenses incurred for treatment of their injuries.  RCW 9.94A.750(3)(a).  The statute does not limit reimbursement to treatment of physical injuries.  By implication, it includes treatment for nonphysical injuries, such as counseling.

Generally, a court must determine the restitution amount within 180 days of sentencing.  RCW 9.94A.753(1).  In addition, a court may not delegate its responsibility of setting the amount of restitution to another agency.  *State v. Forbes*, 43 Wn. App. 793, 800, 719 P.2d 941 (1986).  We have previously reversed a trial court's order for payment of a victim's counseling costs because the amount of reimbursable costs had not been determined within 180 days of sentencing.  *State v. Land*, 172 Wn. App. 593, 604, 295 P.3d 782 (2013).

Our record does not show that the victim's counseling costs were determined within 180 days of sentencing.  If not, reimbursement for those costs is not authorized, and the condition must be struck.

### 2.  *Polygraph testing*

RCW 9.94A.703(3)(f) authorizes trial courts to order an offender to comply with crime-related prohibitions, including performing acts necessary to monitor an offender's compliance with its orders.  RCW 9.94A.030(10).  This authority justifies polygraph testing limited to monitoring the offender's compliance with the community placement order, it may not be used as a tool to discover evidence of other crimes, past or present. *State v. Combs*, 102 Wn. App. 949, 952-53, 10 P.3d 1101 (2000).

Here, there is no limit on polygraph testing.  This condition is broader than authorized by RCW 9.94A.703(3)(f).  We direct the trial court to modify this condition consistent with *Combs*.

### 3.  *Drug testing*

There is no stand-alone provision in RCW 9.94A.703 that authorizes drug testing. Presumably, drug treatment could be ordered under RCW 9.94A.703(3)(c) if there was a factual nexus between the crime and drugs and *then* drug testing could be ordered to monitor compliance with treatment requirements.  But here, there is no evidence that drugs played a role in the crime and the trial court, appropriately, did not order drug testing.  In the absence of a valid basis to impose drug treatment, there is no authority for imposing drug testing.  We direct the trial court to strike the drug testing condition.

4.      *Community custody supervision fees*

In *State v. Wemhoff*, we noted that the legislature had amended the community custody statute to remove a trial court's authority to impose supervision fees.  24 Wn. App. 2d 198, 200, 202, 519 P.3d 297 (2022).  Here, the trial court erred by imposing those fees after the statute was amended.  We direct the trial court to strike the condition imposing community custody supervision fees.

5.      *Polygraph testing fees*

Neither RCW 9.94A.703 nor any statute called to our attention authorizes a trial court to impose polygraph testing fees on an offender.  We direct the trial court to strike the condition requiring payment of polygraph testing fees.

6.      *Legal financial obligations*

The trial court imposed a $500 VPA and a $100 DNA collection fee on Mr. Hudak.  The legislature amended the relevant statutes to prevent those fees from applying to indigent defendants.  LAWS OF 2023, ch. 449, §§ 1, 4.  Both changes apply retrospectively to cases pending on direct review.  *State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018).  We direct the trial court to strike the VPA and the DNA collection fee.

No. 39575-8-III
*State v. Hudak*

Remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Staab, J.