[No. 44194-2-II. Division Two. December 2, 2014.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD ISAAC JOHNSON, *Appellant*.

778

*Kathryn A. Russell Selk* (of *Russell Selk Law Office*), for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Brian N. Wasankari, Deputy*, for respondent.

¶1 MELNICK, J. — Donald I. Johnson appeals a community custody condition imposed after he was convicted of two counts of voyeurism and criminal trespass in the first degree.[1] Johnson argues that the trial court abused its discretion by imposing a community custody condition that required him to submit to plethysmograph testing ordered by his community corrections officer (CCO) or therapist. We

---

[1] Johnson also appeals his convictions and other sentencing conditions and provisions. We address these arguments in the unpublished portion of this opinion.

hold that the trial court did not err in imposing this condition, but we write to clarify that a CCO can order plethysmograph testing only for the purpose of sexual deviancy treatment. In the unpublished portion of this opinion we address the remaining issues and affirm Johnson's convictions, but we remand for resentencing based on other sentencing errors.

## FACTS[2]

¶2 Following a bench trial, the trial court found Johnson guilty of two counts of voyeurism. The trial court sentenced Johnson to prison and to community custody. One of Johnson's community custody conditions required him to "[s]ubmit to polygraph and/or plethysmograph testing upon direction of [his] Community Corrections Officer and/or therapist at [his] expense." Clerk's Papers (CP) at 147.

¶3 Johnson challenges this condition on appeal, arguing that the trial court did not have authority to order the plethysmograph testing as a monitoring tool subject only to his CCO's discretion.

## ANALYSIS

■■ ¶4 We review the imposition of community custody conditions for an abuse of discretion and reverse only if the decision is manifestly unreasonable or based on untenable grounds. *State v. Sanchez Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010); *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). A condition is manifestly unreasonable if it is beyond the court's authority to impose. *See State v. Jones*, 118 Wn. App. 199, 207-08, 76 P.3d 258 (2003) (striking the condition pertaining to alcohol counseling as unauthorized under applicable statutes). A challenger does not need to demonstrate that the condition has been enforced; a preenforcement challenge is ripe for review. *State v. Bahl*, 164 Wn.2d 739, 752, 193 P.3d 678 (2008).

---

[2] Facts relevant to the unpublished portion of this opinion are discussed in conjunction with the issues presented there.

 ¶5 The Supreme Court has recognized that plethysmograph testing, unlike polygraph testing, does not serve a monitoring purpose. *State v. Riles*, 135 Wn.2d 326, 345, 957 P.2d 655 (1998), *abrogated on other grounds by Sanchez Valencia*, 169 Wn.2d 782. "It is a gauge for determining immediate sexual arousal level in response to various stimuli used as part of a treatment program for sex offenders."[3] *Riles*, 135 Wn.2d at 345.

 ¶6 The trial court has authority to order a defendant to submit to plethysmograph testing only if the court also orders a crime-related treatment regimen for sexual deviancy. *Riles*, 135 Wn.2d at 352. In *Riles*, the sentencing courts required two convicted sex offenders, as conditions of community placement, to "submit to polygraph and plethysmograph testing upon the request of [their] therapist and/or Community Correction Officer." 135 Wn.2d at 333, 337 (emphasis omitted). Because one of the offenders was not ordered to enter into treatment or therapy, the Supreme Court struck the plethysmograph testing provision from his judgment and sentence. *Riles*, 135 Wn.2d at 353. However, because the other offender was required to participate in sexual deviancy treatment as a condition of community custody, the Supreme Court upheld the plethysmograph condition. *Riles*, 135 Wn.2d at 353. "[A] sentencing court may not order plethysmograph testing unless it also requires crime-related treatment for sexual deviancy. . . . [Plethysmograph testing] is only useful within the context of a comprehensive evaluation or treatment process." *Riles*, 135 Wn.2d at 352; *see also State v. Land*, 172 Wn. App. 593, 605-06, 295 P.3d 782 (striking condition requiring defendant to submit to CCO-ordered plethysmograph testing without any accompanying treatment requirement), *review denied*, 177 Wn.2d 1016 (2013).

---

[3] More specifically, plethysmograph testing attempts to measure sexual arousal with an electronic recording device attached to the penis while the subject is shown images of males and females of various ages in various types of sexual activity. *In re Det. of Halgren*, 156 Wn.2d 795, 800 n.1, 132 P.3d 714 (2006).

¶7 Here, the sentencing court imposed both sexual deviancy treatment and plethysmograph testing. In *Riles*, the court upheld the same conditions but did not specifically address the circumstances under which a CCO can order plethysmograph testing. *Riles* made it clear, however, that plethysmograph testing can be used only for treatment purposes. We affirm the condition at issue here but write to clarify that the CCO's scope of authority is limited to ordering plethysmograph testing for the purpose of sexual deviancy treatment and not for monitoring purposes.

¶8 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J., and MAXA, J., concur.