# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Detention of: | No. 46524-8-II |
| DUANE BRENNAN, | |
| Appellant. | UNPUBLISHED OPINION |

LEE, J. — Duane Brennan was found in contempt of court for refusing to comply with an order compelling penile plethysmograph (PPG) testing as part of a pre-civil commitment trial evaluation.[1] Brennan appeals both the order compelling PPG testing and the order holding him in contempt. He argues that (1) the order compelling PPG testing violated his constitutional right to privacy and (2) he received ineffective assistance of counsel. Brennan's claims fail because (1) he has limited privacy rights as a sexual offender and (2) he fails to demonstrate that his counsel was deficient. Thus, we affirm.

## FACTS

The underlying facts are not in dispute. Brennan was convicted of a sexually violent offense. At the end of his incarceration in November 2012, the State petitioned to civilly commit Brennan as a sexually violent predator under chapter RCW 71.09. In support of the petition, the State included Dr. Amy Phenix's psychological evaluation of Brennan. Dr. Phenix concluded that Brennan met "the criteria as a sexually violent predator as described in [chapter] RCW 71.09."

---

[1] Civil commitment pursuant to chapter RCW 71.09—Sexually Violent Predators.

Clerk's Papers (CP) at 137. Dr. Phenix's report details Brennan's extensive criminal history, including Brennan's own admissions related to his history of violence and sexually assaulting minors. Brennan reported that "he did not see himself being able to stop his sexually deviant behavior." CP at 137.

In December 2012, Brennan stipulated to the existence of probable cause and agreed to undergo an evaluation by the State's expert. In the stipulated order, Brennan agreed, "Consistent with RCW 71.09.050(1), [he] shall now submit to an evaluation by an expert chosen by the State. The evaluation may include any of the following procedures or tests if requested by the State's expert: . . . Penile plethysmograph testing (PPG)."[2] Suppl. CP at 11.

In November 2013,[3] before Brennan's civil commitment trial, Brennan retained an expert, Dr. Brian Abbott, to conduct an evaluation. CP at 63. Brennan told Dr. Abbott that "he made up the extent of his deviant interests in prepubescent children and his history of sexually offending against children in order to convince [the State's experts] to recommend commitment because he was afraid of being released from prison with no resources nor community support." CP at 63-64;

In light of Brennan's statements to Dr. Abbott and in preparation for trial, Dr. Phenix requested a current evaluation of Brennan, including a polygraph and a PPG. Brennan argued that the PPG testing was unnecessary because Dr. Phenix had the necessary information that she sought to obtain through the PPG testing. Brennan further argued that the stipulated order was

_____

[2] Brennan did not challenge the stipulated order at the time nor does he assign error to it in this appeal.

[3] While RCW 71.09.50(1) provides for a trial within 45 days of the probable cause determination, the parties agreed to trial continuances.

inconsistent with the statute because the stipulation fails to provide for judicial discretion. VRP at 34-35, 7. Brennan also argued that the PPG testing violated his constitutional rights. Brennan claimed that "[c]ases where the courts have permitted PPG testing involve the testing as a direct consequence of a criminal defendant's conviction or sentence. On the other hand, cases where the courts have not permitted PPG examinations involve instances, like the case at bar, of civil pre-trial discovery." CP at 33 (citations omitted).

The superior court rejected Brennan's arguments, finding that PPG testing is authorized by RCW 71.09.050(1) and that Brennan agreed to the testing. Accordingly, the superior court ordered Brennan to participate in the testing requested by Dr. Phenix. Brennan refused to comply with the court's order. The superior court found Brennan in contempt and stayed the commitment proceedings until he fully complied with the order compelling PPG testing. Brennan appeals. CP at 2.

## ANALYSIS

Brennan appeals the order compelling PPG testing and the order finding him in contempt of the court for refusing to submit to PPG testing.[4] He argues that the underlying order compelling PPG testing is illegal, and therefore, we should reverse the order finding him in contempt. We disagree.

---

[4] Brennan assigns error to the superior court's finding of fact 3 and conclusion of law 2. However, he does not offer substantive argument or authority regarding the assignments of error. "A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment." *Brown v. Vail*, 169 Wn.2d 318, 336 n.11, 237 P.3d 263 (2010); RAP 10.3. We do not address his assignments of error without argument.

A.     PRIVACY IMPLICATIONS OF PPG TESTING

Brennan claims that the superior court violated his substantive due process right to privacy by ordering him to undergo PPG testing.  We disagree.

RCW 71.09.050(1) authorizes the court to order a sex offender to submit to PPG testing after probable cause has been determined.  Brennan acknowledges that RCW 71.09.050 authorizes PPG testing.  And Brennan does not appear to challenge the constitutionality of RCW 71.09.050(1).  Rather, Brennan appears to challenge the constitutionality of *the order* requiring him to undergo PPG testing.

Brennan contends that "[a]rticle I, section 7 protects the right to privacy with no express limitations."  Br. of Appellant at 19.  Brennan misunderstands his privacy rights.

Washington recognizes a fundamental right to privacy.  *In re Det. of Williams*, 163 Wn. App. 89, 97, 264 P.3d 570 (2011).  However, in "Washington, sex offenders have reduced privacy interests because they threaten public safety."  *Id.*; *see also In re Det. of Campbell*, 139 Wn.2d 341, 355-56, 986 P.2d 771 (1999), *cert. denied*, 531 U.S. 1125 (2011).  Thus, "[t]he privacy that Washington's article I, section 7 protects is not absolute, and the State 'may reasonably regulate this right [in order] to safeguard society.'"  *Williams*, 163 Wn. App. at 97 (second alteration in original) (quoting *State v. Meacham*, 93 Wn.2d 735, 738, 612 P.2d 795 (1980)).  Even Brennan recognizes the State has a compelling interest both in treating sex offenders and protecting society from their actions.

Brennan argues that the PPG testing violated his privacy rights, and "although the superior court found that such testing is 'routinely relied upon . . . this does not answer the question of

4

whether such mandatory testing satisfies strict scrutiny." Br. of Appellant at 23. His argument fails.

In *Williams*, the sexually violent predator argued that the court-ordered, statutorily-authorized, pre-trial evaluations violated his constitutional right to privacy.[5] 163 Wn. App. at 97. The court considered the authorized pre-trial evaluations, which included PPG testing, and weighed the nature of the testing against the State's compelling need to "'safeguard society.'" *Williams*, 163 Wn. App. at 97 (quoting *Meacham*, 93 Wn.2d at 738). The court rejected the sexually violent predator's claim, and held that the evaluations, authorized by statute, did not improperly infringe on the sex offender's constitutional right to privacy. *Williams*, 163 Wn. App. at 97. The court held that "substantial public safety interest outweighs the truncated privacy interests of the convicted sex offender." *Williams*, 163 Wn. App. at 97 (quoting *Campbell*, 139 Wn.2d at 356). Accordingly, Brennan's claim that the superior court's order compelling PPG testing violated his privacy rights fails because, as in *Williams*, the "substantial public safety interest outweighs [Brennan's] truncated privacy interests." *Williams*, 163 Wn. App. at 97.

Brennan suggests that we follow the analysis in *United States v. Weber*, 451 F.3d 552 (9th Cir. 2006). But, *Weber* did not hold PPG testing unconstitutional.[6] *Weber*, 451 F.3d at 569-70.

---

[5] In *Williams*, the court addressed whether the pre-trial mental health examinations unconstitutionally invaded the sex offender's privacy. *Williams*, 163 Wn. App. at 98. Although the applicable statutes have changed since *Williams*, PPG testing was among the available testing both then and now.

[6] Furthermore, the defendant in *Weber* objected to PPG testing based on "*statutory* grounds-that such testing is not reasonably related to the goals of supervised release." The *Weber* court stated that it "express[es] no opinion on the question whether requiring [PPG] testing as a condition of supervised release amounts to a substantive due process violation." *Weber*, 451 F.3d at 563, n.14.

Instead, *Weber* held that before PPG testing can be imposed as a term of supervised release, the trial court must make an individualized determination that the testing is necessary, considering the constitutional rights of the offender. *Weber*, 451 F.3d at 569-70.

Furthermore, Brennan fails to demonstrate how *Weber* is applicable to the civil commitment proceedings under chapter RCW 71.09. RCW 71.09.050(1) explicitly authorizes PPG testing, and Brennan agreed to submit to PPG testing, if requested. Brennan fails to provide authority requiring a court to make an individualized determination regarding the necessity of PPG testing in sexually violent predator civil commitment proceedings.[7] Thus, *Weber* is not applicable to the circumstances in this case.

Brennan's claim fails because he does not make considered constitutional arguments that account for his limited right to privacy, rendering his arguments lacking in relevant authority and analysis. "Parties raising constitutional issues must present considered arguments to this court"— "'naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986); *State v. Bonds*, 174 Wn. App. 553, 567 n.3, 299 P.3d 663, *review denied*, 178 Wn.2d 1011 (2013). Moreover, Brennan does not make arguments based on his limited privacy interest. Rather, Brennan's arguments are based on his misconception that sex offenders have limitless privacy rights. Thus, we reject Brennan's constitutional challenge.

---

[7] "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

B.    RELIABILITY OF PPG TESTING

Brennan next challenges the superior court's finding that courts routinely rely upon PPG testing.  We reject Brennan's challenge.

Brennan appears to argue that courts should not utilize PPG testing because it is unreliable. Although Brennan identifies criticisms of PPG testing, he does not establish, or argue, that it is no longer accepted or authorized.

Washington courts have held that PPG testing is useful as part of a diagnostic process. *In re the Det. of Halgren*, 156 Wn.2d 795, 807, 132 P.3d 714 (2006); *State v. Riles*, 135 Wn.2d 326, 352,  957 P.2d 655 (1998); *cf. State v. Johnson*, 184 Wn. App. 777, 780, 340 P.3d 230 (2014) (holding PPG testing is a valid condition of community placement "'within the context of a comprehensive evaluation or treatment process'") (quoting *Riles*, 135 Wn.2d at 352); *State v. Castro*, 141 Wn. App. 485, 494, 170 P.3d 78 (2007) (holding that PPG testing is a valid sentencing condition and "is regarded as a 'treatment device' for diagnosing and treating sex offenders"). Furthermore, the legislature has deemed it permissible to utilize PPG testing as evidenced by RCW 71.09.050(1)'s express authorization.  RCW 71.09.050(1); *see In re Det. of Hawkins*, 169 Wn.2d 796, 803, 238 P.3d 1175 (2010) (noting that the legislature deems an evaluation method permissible when a statute specifically authorizes the method).

In addition, Brennan's challenge of a generally accepted test goes to the weight of the evidence, not the constitutionality of the superior court's order.[8]  *See In re Det. of Berry*, 160 Wn.

---

[8] To the extent that Brennan asserts that the admissibility of PPG testing at trial affects his constitutional privacy rights, that argument fails.  First, the trial court did not rule on whether the results of the specific PPG test ordered would be admissible in Brennan's commitment trial, expressly reserving the issue for trial.  Further, Brennan's commitment trial has been stayed.

App. 374, 382, 248 P.3d 592, *review denied*, 172 Wn.2d 1005 (2011). The weight of evidence is an issue reserved for the finder of fact. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). Thus, Brennan's challenge to the superior court's finding that courts routinely rely on PPG testing fails.

C.      LANGUAGE OF THE PPG TESTING ORDER

Brennan appears to argue that the order compelling PPG testing is unlawful because it relied on the stipulated order, which "did not track the language of the statute, but inexplicably removed judicial oversight." *See* Br. of Appellant at 13. Brennan's challenge is to the stipulated order, which he did not assign error to. He offers no authority for the proposition that he can now challenge an unappealed stipulated order for the first time with no assignment of error. *See* RAP 10.3. Brennan also fails to offer argument or authority suggesting that the superior court erred by relying on an order, to which Brennan agreed and did not challenge. Therefore, we need not address Brennan's argument. RAP 10.3; *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). However, even if we do address the issue, Brennan's argument fails.

Brennan contends that the stipulated order was illegal because it not include all of the language from RCW 71.09.050(1). We disagree.

---

Therefore, the superior court did not make a decision regarding admissibility that we can review. Second, Washington courts have held that the results of PPG testing are not subject to a *Frye* examination because PPG testing does not involve novel science, and that discussion of results of PPG testing "as one component among many in diagnosing" a sexual deviant may be admissible. *Halgren*, 156 Wn.2d at 806-07. Third, Brennan makes no argument and offers no authority for the claim that the admissibility of expert discussion about the results of PPG testing controls whether a sex offender can be ordered to undergo PPG testing prior to a civil commitment trial.

While the stipulated order does not recite RCW 71.09.050(1)'s language verbatim, Brennan provides no authority for the proposition that a stipulated order must contain all of the language of the applicable statute. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer*, 60 Wn.2d at 126.

Furthermore, Brennan's argument is factually incorrect. The order compelling PPG testing mirrors the language of RCW 71.09.050(1). The order compelling PPG testing provides in relevant part: "The forensic evaluator who is conducting the RCW 71.09.050 evaluation, Dr. Amy Phenix, has requested [PPG testing] with specific-issue polygraph testing and a sexual history polygraph of [Brennan] in order to obtain current information for his evaluation." CP at 4-5 (Finding of Fact 2). The superior court also found that "RCW 71.09.050 grants [the State] the right to a current evaluation and specifically authorizes the Court to order psychological and physiological testing if requested by the evaluator, which can include PPG testing and polygraph testing." CP at 5 (Conclusion of Law 2). Based on these findings, the superior court ordered Brennan to undergo the testing requested by Dr. Phenix.

The superior court's order reflects both the stipulated order and the language of RCW 71.09.050. RCW 71.09.050(1) provides in relevant part:

> The prosecuting agency shall have a right to a current evaluation of the person by experts chosen by the state. The judge may require the person to complete any or all of the following procedures or tests if requested by the evaluator: (a) A clinical interview; (b) psychological testing; (c) plethysmograph testing; and (d) polygraph testing. The judge may order the person to complete any other procedures and tests relevant to the evaluation.

The stipulated order provided, in relevant part:

9

4.      . . . Consistent with RCW 71.09.050(1), [Brennan] shall now submit to an evaluation by an expert chosen by the State.  The evaluation may include any of the following procedures or tests if requested by the State's expert:

. . . .

c.      Penile plethysmograph testing (PPG);
. . . .

5.      Should the evaluation become stale prior to trial, [Brennan] may be required to submit to supplemental evaluation procedures.

Suppl. CP at 11.  The stipulated order is consistent with RCW 71.09.050(1).  Therefore, Brennan's challenge fails.

D.      INEFFECTIVE ASSISTANCE OF COUNSEL

Brennan argues that "[t]o the extent that counsel agreed to [PPG] testing in the stipulated order, counsel was ineffective."  Br. of Appellant at 27 (underlining omitted).  We disagree.

To prevail on an ineffective assistance of counsel claim, the defendant must establish that (1) defense counsel's performance was deficient and (2) defense counsel's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Failure to establish either prong is fatal to an ineffective assistance of counsel claim.  *Strickland*, 466 U.S. at 700.

Our review of counsel's performance is highly deferential, and we strongly presume reasonableness.  *State v. Witherspoon*, 180 Wn.2d 875, 885, 329 P.3d 888 (2014).  To rebut the presumption of reasonableness, the defendant bears the burden of establishing a lack of any legitimate trial tactic or strategy.  *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).  "And to establish prejudice, a defendant must show a reasonable probability that the outcome would

10

have differed absent the deficient performance." *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

Brennan's claim of ineffective assistance of counsel fails because Brennan fails to demonstrate counsel's performance was deficient. Brennan states, "While there may have been a valid reason to stipulate to the existence of probable cause in light of the materials submitted by the State under RCW 71.09.040(2), counsel had no legitimate reason to hand the State's expert unfettered discretion to conduct invasive testing." Br. of Appellant at 28. Brennan's argument fails because Brennan fails to demonstrate that agreeing to the statutorily authorized testing amounts to "unfettered discretion to conduct invasive testing." Brennan did not receive ineffective assistance of counsel based on counsel's agreement to statutorily authorized testing and evaluation procedures.[9] Because Brennan fails to establish that counsel's performance was deficient, his claim of ineffective assistance fails.

E.     CONTEMPT

Brennan asserts that the superior court erred by finding him in contempt. Specifically, he asserts that "because the underlying order was illegal, this Court should also reverse the contempt order." Br. of Appellant at 29. Brennan's claim that the underlying order is illegal fails. Therefore, his claim that the contempt order should be reversed also fails. Brennan does not offer any other argument or authority regarding the contempt order.

---

[9] Brennan asserts that co-counsel "expressed dismay at the wording of the order and informed the court he believed the order was contrary to statute and a 'mistake[].'" Br. of Appellant at 29. Brennan argued below that the superior court's ruling compelling PPG testing was "an erroneous ruling because the [s]tatute is what governs . . . 'cause it's based on—it's not based in the law. It's based on a mistaken stipulation." Verbatim Report of Proceeding at 34. Brennan did not explain then, nor does he explain now, what a "mistaken stipulation" means.

No. 46524-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Maxa, J.