IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77865-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TREY KINARD | ) | |
| (A.K.A. MATTHEW AARON), | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: April 15, 2019 |

ANDRUS, J. — Matthew Aaron appeals a condition of community custody following his conviction for second-degree assault. Aaron challenges the sentencing court's order that he obtain a mental health evaluation, asserting there is no evidentiary nexus between the underlying offense and any mental health issues. He also contends the court erred in checking a box in the judgment and sentence indicating the existence of aggravating circumstances.

We reverse the community custody condition requiring Aaron to seek a mental health evaluation and remand for a sentencing court to make the requisite factual findings required by RCW 9.94B.080. We also remand to correct the scrivener's error on the judgment and sentence.

## FACTS

The State charged Matthew Aaron[1] of one count of second degree assault (Count 1) and one count of felony harassment (Count 2).[2] Count 1 alleged that on May 22, 2017, Aaron assaulted Janet Ashfaq by strangulation. Count 2 alleged that on May 22, 2017, Aaron threatened to cause imminent bodily injury to Ashfaq, causing reasonable fear that the threat would be carried out. The State further alleged that both crimes involved domestic violence and were part of "an ongoing pattern of psychological, physical or sexual abuse of the same victim or multiple victims manifested by multiple incidents over a prolonged period of time."

The trial court granted a defense pretrial motion to preclude Ashfaq from testifying that Aaron suffers from various "undiagnosed mental illnesses."[3] Shortly thereafter, Aaron moved to remove his appointed counsel. Aaron explained to the trial court that immediately before the incident with Ashfaq, he had been hospitalized involuntarily through Harborview Medical Center's mental health system and may have been diagnosed with schizophrenia. He stated he did not agree with counsel's request to suppress his medical records. Aaron stated he wanted his medical records considered and he wanted a mental health evaluation. He disagreed with the trial court's statement that his prior mental health records may not necessarily be relevant. After a lengthy discussion with the trial court,

---

[1] The Appellant's name is Matthew Aaron. Aaron testified he used the name "Trey Kinard" as an alias in 1994 while enlisted in the Marine Corps. For purposes of this opinion, we will refer to the Appellant as Aaron.

[2] The State also charged Aaron with a second count of second degree assault (Count 3). Count 3 alleged that on July 31, 2017, Aaron assaulted Janet Ashfaq by strangulation. Count 3 was severed from Counts 1 and 2, and was eventually dismissed.

[3] Despite the trial court's exclusion of testimony related to Aaron's mental health, Aaron testified on direct examination that he suffered from depression.

- 2 -

Aaron chose not to represent himself and agreed to retain counsel.

On December 8, 2017, a jury found Aaron guilty of second degree assault, but acquitted him of felony harassment. The jury subsequently found that the State had proved the crime was an aggravated domestic violence offense. However, the special verdict form misidentified the underlying crime as violation of a court order. As a result, the sentencing court concluded the verdict form was legally flawed and could not support an exceptional sentence.

At Aaron's sentencing on December 20 and 21, 2017, Ashfaq told the court that Aaron "needs counseling [and] needs help" and that Aaron had been diagnosed with bipolar disorder. Ashfaq further said "I would like that to be considered and see that he gets counseling, see that he gets medication."

Aaron appeared to agree, saying "It has been no secret that I have mental health issues." He also admitted to having Post-Traumatic Stress Disorder (PTSD) resulting from emotional and physical injuries sustained while serving in the Marine Corps. Aaron said: "Your Honor, I do need mental health treatment. I know that. I been trying to get help the whole time while I was here. [The prosecution], due to what I understand, denied me. I never was allowed to see a psychiatrist . . . ." Aaron told the court he had been hospitalized following a mental breakdown a month prior to the incident. He also admitted to having bipolar disorder, and possibly schizophrenia. He informed the court he had no problem with the State's request that he participate in mental health treatment, saying "As a matter of fact, if the courts do that, at least I don't have to pay for it." Aaron's counsel, however, objected to court-mandated mental health treatment because there was no nexus between the crime of conviction and the requested treatment.

- 3 -

The court sentenced Aaron to 12 months in jail followed by 12 months community custody. As a condition of community custody, the court required Aaron to receive a mental health evaluation and follow treatment recommendations and to complete a Domestic Violence Batterer's Treatment or a cognitive behavioral therapy alternative.[4] It waived Aaron's DNA collection fee pursuant to RCW 9.94A.777, citing to Aaron's previous mental health commitment.

On appeal, Aaron contends the sentencing court erred in ordering a mental health evaluation and treatment because it did not find, as required by RCW 9.94B.080, that Aaron's mental illness is likely to have influenced the crime for which he was convicted.

## ANALYSIS

A court may only impose a sentence that is authorized by statute. State v. Barnett, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). This court reviews community custody conditions for abuse of discretion and will reverse them if manifestly unreasonable. State v. Padilla, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). A condition of community custody is manifestly unreasonable if it is beyond the court's authority to impose. State v. Johnson, 184 Wn. App. 777, 779, 340 P.3d 230 (2014).

When an individual is sentenced for one year or less for a violent offense,[5] the Sentencing Reform Act allows the court to impose up to one year of community custody. RCW 9.94A.702(1)(b). The court may order an offender to "[p]articipate

---

[4] Aaron does not appeal the condition of community custody requiring him to undergo counseling for domestic violence.
[5] Former RCW 9.94A.030(55)(viii) classified second-degree assault as a violent offense. LAWS OF 2015, ch. 287, § 1.

- 4 -

in crime-related treatment or counseling services," or "[p]articipate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(c)-(d).

Additionally, RCW 9.94B.080[6] provides:

> The court may order an offender whose sentence includes community placement or community supervision to undergo a mental status evaluation and to participate in available outpatient mental health treatment, if the court finds that reasonable grounds exist to believe that the offender is a mentally ill person as defined in RCW 71.24.025, and that this condition is likely to have influenced the offense. An order requiring mental status evaluation or treatment may be based on a presentence report and, if applicable, mental status evaluations that have been filed with the court to determine the offender's competency or eligibility for a defense of insanity. The court may order additional evaluations at a later date if deemed appropriate.

In State v. Shelton, 194 Wn. App. 660, 675-76, 378 P.3d 230 (2016), this court held that under the plain and unambiguous language of RCW 9.94B.080, the sentencing court may order a mental health evaluation only if the court finds the defendant "is a mentally ill person as defined in RCW 71.24.025 and mental illness likely influenced the offense."[7] Here, the sentencing court did not make the requisite factual findings.

Although there is ample evidence that Aaron suffers from depression, and possibly bipolar disorder, schizophrenia, and PTSD, the sentencing court did not

---

[6] RCW 9.94B.080 applies to crimes committed after 2009. LAWS OF 2008, ch. 231, § 55.
[7] Although the Shelton court analyzed an earlier version of the statute that required a presentence report prior to ordering any mental health evaluation or treatment, LAWS OF 2008, ch. 231, § 53, the statutory language requiring findings that a defendant has a mental illness and that the defendant's mental illness likely influenced the offense remain unchanged.

find Aaron meets the definition of a "mentally ill person" as defined by statute[8] or that this mental illness "likely influenced" his assault of Ashfaq. Under Shelton, the sentencing court must do so before imposing a mental health evaluation condition of community custody.

Aaron also raises an issue regarding the form of the judgment and sentence. The court declined to impose an exceptional sentence in this case because of the erroneous special verdict form. The judgment and sentence nevertheless noted the presence of an aggravating factor. Both parties agree that this is a scrivener's error. The remedy for such a clerical error is correction on remand. See In re Pers. Rest. of Mayer, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005).

We reverse the community custody condition requiring Aaron to undergo a mental health evaluation and remand for the trial court to make the requisite findings under RCW 9.94B.080. Additionally, the clerical error in the judgment and sentence should be corrected on remand.

Reversed.

Andrus, J.

WE CONCUR:

Mann, ACJ

____

[8] Former RCW 71.24.025(19) defined "mentally ill persons" as persons who were "acutely mentally ill," former RCW 71.24.025(1), "chronically mentally ill," former RCW 71.24.025(6), and "seriously disturbed," former RCW 71.24.025(27).

- 6 -