**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

|  |  |
|---|---|
| STATE OF WASHINGTON, | No. 52638-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANDRES RAMIREZ MARTINEZ, | |
| Appellant. | |

GLASGOW, J. — Andres Ramirez Martinez pleaded guilty to one count of first degree child molestation. Ramirez Martinez appeals his exceptional sentence, certain community custody conditions, and the imposition of a legal financial obligation. The State concedes all issues and the parties both request that the case be remanded for resentencing. We accept the State's concession and remand for resentencing.

FACTS

In 2018, Ramirez Martinez pleaded guilty to first degree child molestation for an incident involving his young niece in 2012. Ramirez Martinez had an offender score of zero and the

standard sentencing range was 51 to 68 months with a maximum term of life. At the sentencing hearing, the trial court found that Ramirez Martinez had abused a position of trust and this justified an exceptional sentence. The court sentenced him to a minimum term of 100 months. The trial court noted that it was expressly relying on *State v. Borboa*, 157 Wn.2d 108, 135 P.3d 469 (2006) and *State v. Clarke*, 156 Wn.2d 880, 134 P.3d 188 (2006) in making its finding and imposing an exceptional sentence.

The trial court ordered Ramirez Martinez not to have any contact with girls who are under the age of 18 without an approved chaperone and permission of the Department of Corrections. The trial court prohibited him from initiating or prolonging contact with any minor for any reason. The trial court also ordered that while on community custody, Ramirez Martinez must not work or visit any location where he could be alone with minors and must submit to random plethysmographs to monitor compliance. Further, the trial court struck the criminal filing fee but imposed a domestic violence assessment fee. Finally, the trial court entered an order of indigency for appeal.

Ramirez Martinez appeals his exceptional sentence, the community custody conditions described above, and the domestic violence assessment. The State has "concede[d] all issues" and agreed that this case should be remanded for resentencing. Br. of Resp't at 1. We accept the State's concessions and remand for resentencing. Upon resentencing the trial court must reconsider the conditions of community custody and the domestic violence assessment.

ANALYSIS

I. THE EXCEPTIONAL SENTENCE

Ramirez Martinez assigns error to the trial court's imposition of an exceptional sentence based on an aggravating factor that was not included in the plea. Ramirez Martinez also argues

we should expressly overrule *Clarke*, 156 Wn.2d 880, based on the United States Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99, 115-16, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), that juries must find any facts that increase the statutory minimum sentence.

The State concedes error. We accept the State's concession regarding the exceptional sentence because it was outside the trial court's statutory authority as explained below. However, we cannot overrule a decision by our Supreme Court. *In re Pers. Restraint of Le*, 122 Wn. App. 816, 820, 95 P.3d 1254 (2004).

Judges can consider aggravating factors when determining an exceptional sentence. RCW 9.94A.535.[1] RCW 9.94A.535(3) gives an exhaustive list of aggravating factors that must be supported by a jury finding, which includes an abuse of trust. RCW 9.94A.535(3)(n). In contrast, RCW 9.94A.535(2) gives an exhaustive list of factors that a judge may consider *without* findings from a jury. For example, a trial court may impose an aggravated exceptional sentence without a jury finding if the parties have stipulated to an exceptional sentence. RCW 9.94A.535(2)(a). A sentencing judge may also determine the fact of a prior conviction without a jury. RCW 9.94A.535(2)(b)-(d); *see also Alleyne*, 570 U.S. at 111 n.1 (declining to revisit *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)). The distinction between factors that must be found by a jury and those that may be found by a judge was added to the statute in 2005. Compare RCW 9.94A.535 (2003) with RCW 9.94A.535 (2005).

Although the trial court in this case relied on *Borboa*, 157 Wn.2d 108, and *Clarke*, 156 Wn.2d 880, those cases did not permit the trial court to engage in judicial fact-finding to support

---

[1] The legislature recently amended RCW 9.94A.535 in 2019. Because the relevant language has not changed, we cite to the current version of this statute.

an exceptional sentence in this case. Both *Borboa* and *Clarke* held that *Blakely v. Washington* allowed judicial fact finding of aggravating factors supporting an exceptional sentence that increased the *minimum* sentence to be served, so long as it did not exceed the *maximum* sentence. *Borboa*, 157 Wn.2d at 112; *Clarke*, 156 Wn.2d at 883-84; *see also Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Although both cases were decided after the change in RCW 9.94A.535, the sentences were both imposed under the pre-2005 statute because the crimes were committed prior to the statutory change in 2005. *Borboa*, 157 Wn.2d at 113 (crime committed in 2002); *Clarke*, 156 Wn.2d at 884 (crime committed in 2001). In addition, both cases were decided before *Alleyne*, which held that juries must find any facts that increase the statutory minimum sentence, as well as the maximum. *Alleyne*, 570 U.S. at 115-16.

Here, the trial court found that Ramirez Martinez abused a position of trust and used that finding to justify an exceptional sentence, relying on *Borboa* and *Clarke*. The trial court did not have authority to do so under RCW 9.94A.535 absent a jury finding. Although *Borboa* and *Clarke* concluded that *Blakely* did not generally prohibit judicial fact-finding for the purposes of increasing the minimum sentence for indeterminate sentences, they did not additionally suggest that a sentencing judge may make findings that the statute has expressly reserved for the jury. The trial court here exceeded its statutory authority by finding an aggravating factor that is reserved for the jury under RCW 9.94A.535(3). Thus, we accept the State's concession, resolve this issue on a statutory basis, and remand for the trial court to resentence Ramirez Martinez without using this aggravating factor.

We decline to entertain Ramirez Martinez's request to overrule *Clarke* because we cannot overturn a decision of our Supreme Court. *See Le*, 122 Wn. App. at 820.

## II. COMMUNITY CUSTODY TERMS

Ramirez Martinez argues the trial court erred in imposing certain community custody terms. Specifically, Ramirez Martinez argues the limitations on contact with children, which impacts contact with his own children, the prohibition of working or visiting any location where Ramirez Martinez could be alone with a minor, and the requirement to submit to plethysmograph testing are improper. The State concedes error. Regarding the limitations on contact with children, we agree that the trial court must reconsider whether the community custody terms limit Ramirez Martinez's parental rights and whether they are reasonably necessary. We accept the State's concession regarding the prohibition against working at or visiting any location where Ramirez Martinez could be alone with a minor and the requirement to submit to plethysmograph testing.

Community custody conditions or crime-related prohibitions are reviewed for abuse of discretion. We will reverse a community custody condition only if the condition is "manifestly unreasonable." *State v. Sanchez Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010); *State v. Houck*, 9 Wn. App. 2d 636, 643, 446 P.3d 646 (2019). Imposing an unconstitutional condition is manifestly unreasonable. *Sanchez Valencia*, 169 Wn.2d at 792.

A.      Prohibiting Contact with Minors

Ramirez Martinez argues that the trial court improperly entered broad conditions that prohibited any contact with any children, including his own. While the trial court did not expressly address contact with his own children, it did adopt conditions severely restricting contact with girls under the age of 18 and prohibited Ramirez Martinez from initiating or prolonging contact with any minors. There is no discussion in the record regarding the impact of these conditions on his parental rights. *See State v. Warren*, 165 Wn.2d 17, 34-35, 195 P.3d 940 (2008) (crime-related prohibitions affecting fundamental rights must be narrowly drawn with no reasonable alternative

to achieve State's interest). On remand, the trial court must reconsider whether these community custody conditions do in fact limit his parental rights and if so, whether it is reasonably necessary to do so, and whether other conditions relating to contact with his own children are more appropriate.

B.     Prohibiting Visiting or Working at Certain Locations

A community custody condition is unconstitutionally vague if it "'does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed'" or "'does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)). However, "a community custody condition 'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions . . . [are] prohibited conduct.'" *Sanchez Valencia*, 169 Wn.2d at 793 (quoting *State v. Sanchez Valencia*, 148 Wn. App. 302, 321, 198 P.3d 1065 (2009)). Community custody conditions lack a presumption of constitutionality. *Sanchez Valencia*, 169 Wn.2d at 791-92.

Here, a condition orders Ramirez Martinez to "not work or visit any location where [he] could be alone with minors." Clerk's Papers (CP) at 36. Conceivably almost any public place is a location where he could possibly be alone with a minor. This makes the defendant subject to arbitrary enforcement; thus, the condition is unconstitutionally vague. *Bahl*, 164 Wn.2d at 752-53. Upon remand, the trial court must either strike this provision or provide a more specific condition.

C.      Plethysmograph Testing

Our Supreme Court has noted that plethysmograph testing does not serve a monitoring purpose. *State v. Riles*, 135 Wn.2d 326, 345, 957 P.2d 655 (1998), *abrogated on other grounds*, *Sanchez Valencia*, 169 Wn.2d 782 (2009). A trial court can order plethysmograph testing only if the court also orders a crime-related treatment regimen for sexual deviancy. *Riles*, 135 Wn.2d at 352; *State v. Johnson*, 184 Wn. App. 777, 780, 340 P.3d 230 (2014).

Here, the trial court required the defendant to "[s]ubmit to random . . . plethysmographs to monitor compliance." CP at 36. However, the judgment and sentence does not reflect any treatment regime. Accordingly, on remand the trial court must strike the requirement to submit to random plethysmographs.

III. LEGAL FINANCIAL OBLIGATION

Ramirez Martinez challenges the imposition of a domestic violence assessment. The State concedes that the assessment should be addressed upon resentencing.

RCW 10.99.080 states that a court *may* impose a penalty assessment on any adult offender convicted of a crime involving domestic violence. In addition, RCW 10.99.080(5) encourages sentencing judges "to solicit input from the victim or representatives for the victim in assessing the ability of the convicted offender to pay the penalty, including information regarding current financial obligations, family circumstances, and ongoing restitution." There is no indication in this record that the trial court did so, and we encourage the trial court to follow RCW 10.99.080(5) upon resentencing.

7

CONCLUSION

We remand for the trial court to resentence Ramirez Martinez within the standard range, to strike or reconsider the improper community custody conditions consistent with this opinion, and to reconsider whether to impose the domestic violence assessment fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, J.

Maxa, C.J.