IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 36982-0-III |
| JONPAUL VINCENT SOLIS, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

FEARING, J.— JonPaul Solis seeks relief from personal restraint imposed for his 2018 Spokane County conviction on guilty plea to first degree rape of a child and first degree child molestation. In his petition, Solis challenges three community custody conditions imposed by the sentencing court. We accept the State's concession as to one of the conditions and remand for correction of the judgment and sentence.

## FACTS

The State charged JonPaul Solis with first degree rape of a child and first degree child molestation based on allegations that he repeatedly molested or raped his victim, a family member. Pursuant to a plea agreement, Solis agreed that the police reports formed a factual basis for his plea, and the State agreed to recommend an indeterminate sentence of 120 months to life confinement.

The superior court accepted the plea and ordered a presentence investigation report to assist in imposing a sentence. The report, which relayed the version of the crime described in the police reports, indicated that JonPaul Solis repeatedly molested or raped the victim when the two stayed overnight in the same house. The report also stated that Solis committed his crimes while high on marijuana or synthetic marijuana. The report further mentioned that Solis reported using the internet to watch adult pornography films and participating in "sex talk on the internet" in his leisure time. State's Response to Personal Restraint Petition, Attach. A-5.

The superior court sentenced JonPaul Solis to 120 months to life confinement as recommended by the parties. The court also imposed several conditions of community custody, including the following:

> (3) Not consume controlled substances except pursuant to lawfully issued prescriptions;
>
> (16) That you do not access Internet social networking websites, Facebook or otherwise, that may be used by minors;
>
> (21) That you not consume or possess marijuana or "Spice" (synthetic marijuana).

Judgment and Sentence, App. H.

JonPaul Solis did not appeal from the judgment and sentence. He filed this petition less than one year after the judgment and sentence became final, claiming the

2

sentencing court exceeded its authority when imposing the three community custody

conditions identified above.

## ANALYSIS

To prevail in a personal restraint petition, the petitioner must demonstrate that he

was actually and substantially prejudiced either by an error of constitutional magnitude or

by a fundamental nonconstitutional error that caused a complete miscarriage of justice.

*In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013).

JonPaul Solis contends that condition 16 must be stricken because it is not crime

related and not otherwise authorized by statute. The State concedes.

This court reviews conditions of community custody for an abuse of discretion.

*State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). A community custody

condition is manifestly unreasonable if it is beyond the court's authority to impose. *State*

*v. Johnson*, 184 Wn. App. 777, 779, 340 P.3d 230 (2014).

The Sentencing Reform Act of 1981 (SRA) identifies certain community custody

conditions as mandatory, some as waivable, and others as discretionary. RCW

9.94A.703. Discretionary conditions include orders that an offender "[c]omply with any

crime-related prohibitions." RCW 9.94A.703(3)(f). "Crime-related prohibitions" are

orders "prohibiting conduct that directly relates to the circumstances of the crime for

which the offender has been convicted." RCW 9.94A.030(10). A court does not abuse

its discretion by imposing a crime related prohibition if there is a "reasonable

3

relationship" between the crime of conviction and community custody condition. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 684, 425 P.3d 847 (2018). The court may rely on a presentence investigation report in imposing a sentencing condition as part of community custody. *State v. Irwin*, 191 Wn. App. 644, 658, 364 P.3d 830 (2015).

The presentence report contains a factual basis for the crime, based on the police reports, and a "risk/needs assessment" section. Although the risk/needs portion identifies JonPaul Solis's sex-related internet activity, nothing in the report or the remaining record links Solis's criminal acts with internet use. Accordingly, we accept the State's concession that condition 16 was not authorized by the SRA and agree that it should be struck. Given that the corrections will involve no exercise of the court's discretion, Solis's presence is not required when striking the condition. *See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

JonPaul Solis also challenges conditions 3 and 21 on the basis that they are not crime related and they are unconstitutionally vague.

Condition 3, prohibiting JonPaul Solis from using all controlled substances without a valid prescription, is a mandatory condition unless waived by the court. RCW 9.94A.703(2)(c). Condition 21, prohibiting Solis from using marijuana or synthetic marijuana, is a crime-related prohibition. RCW 9.94A.703(3)(f). The presentence investigation report specifically notes that Solis was formerly addicted to synthetic marijuana and was high on marijuana "each time he molested his victim and was high the

date of his arrest." Accordingly, the SRA authorized the sentencing court to impose both of these conditions.

As to JonPaul Solis's constitutional challenge to conditions 3 and 21, he claims they are overly vague when read together. Specifically, he contends the conditions do not make clear whether a doctor may prescribe medical cannabis to Solis and whether Solis may lawfully use or possess such a lawfully issued prescription.

Community custody conditions are unconstitutionally vague if they fail to provide ordinary people fair warning of the proscribed conduct, or fail to establish standards that are definite enough to protect against arbitrary enforcement. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). This court's review of constitutional questions is de novo. *State v. Wallmuller*, 194 Wash. 2d 234, 238, 449 P.3d 619, 621 (2019).

A person of ordinary intelligence could understand the conduct prohibited by the conditions. JonPaul Solis is prohibited from consuming controlled substances absent a prescription and is prohibited from ever using or possessing marijuana. Although Solis claims a medical provider might hypothetically authorize medical marijuana or synthetic marijuana for treatment, a medical marijuana authorization is not a "prescription" for a controlled substance. RCW 69.51A.010(1)(c). Accordingly, the conditions are not inconsistent or contrary to each other, and they contain sufficient definiteness that ordinary people can understand what conduct is proscribed. Moreover, Solis fails to demonstrate any danger of arbitrary enforcement. He violates his community custody

No. 36982-0-III
*In re Personal Restraint of Solis*

conditions if he uses or possesses marijuana or synthetic marijuana, regardless of whether his use or possession was authorized by a medical provider.

CONCLUSION

We remand to the sentencing court to strike community custody condition 16. We deny JonPaul Solis's request to also strike conditions 3 and 21.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Korsmo, J.

6