IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37350-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTHONY DAVID DIORIO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Anthony Diorio appeals his sentence following his convictions for attempted second degree rape of a child and felony communication with a minor for immoral purposes. He argues his latter conviction should be a gross misdemeanor and, because of this, his offender score and sentence were erroneous. We disagree.

He also argues one of his community custody conditions is overbroad. We accept the State's concession and remand for the trial court to amend the challenged condition.

FACTS

Diorio responded to an ad posted on Craigslist. The ad was in an area designated for "no strings attached sex." 4 Report of Proceedings (Sept. 27, 2018) (RP) at 625. The

ad indicated a young person was looking for a "'papa bear'" to "'hang with.'" RP at 645.

The ad was posted by a task force within the Washington State Patrol. Diorio's response caused the task force to start an electronic communication with Diorio. The person who responded on behalf of the task force informed Diorio he was a 13-year-old boy. Soon after, Diorio asked what the boy wanted to do and when. The person responded, "'I wanna fuck.'" RP at 684. Diorio responded, "'Okay.'" RP at 684. Diorio drove to a 7-Eleven store to meet the boy. An arrest team blocked Diorio's car from leaving and arrested him.

In count I, the State charged Diorio with attempted rape of a child in the second degree. In count II, the State charged Diorio with felony communication with a minor for immoral purposes (felony CMIP). With respect to felony CMIP, the State alleged two alternatives: (1) Diorio had been previously convicted of a qualifying felony sexual offense, or (2) Diorio communicated with a minor for immoral purposes through electronic communication.

The case proceeded to trial. The trial court instructed the jury on both counts, but limited count II to the second alternative—communicating with a minor for immoral

purposes through electronic communication. The jury returned a guilty verdict on both count I and count II.

The State's presentence investigation report calculated Diorio's offender score as a 6, which included a purported child pornography conviction from 1999. With an offender score of 6, the report reflected Diorio's standard sentencing range to be 109 to 145 months on count I, and 51 to 60 months on count II.

Diorio submitted a presentence memorandum. He noted the State's failure to provide documentation for his purported prior conviction. He argued his offender score was a 3 and his standard range sentence was 76.5 months to 102 months for count I.

At sentencing, the State conceded it could not prove Diorio's purported prior conviction. The State agreed with Diorio that his correct offender score was 3 and calculated his sentencing range as 76.5 to 102 months on count I, and 6.75 to 9 months on count II.

The trial court sentenced Diorio to 80 months on count I and to 9 months on count II. Although not explicitly stated in the judgment and sentence, we presume both sentences are concurrent. *See State v. Smith*, 74 Wn. App. 844, 875 P.2d 1249 (1994).

The trial court also imposed certain community custody conditions, including a condition to "Submit to periodic polygraph and plethysomograph [sic] exams at own

expense at request of CCO [community corrections officer] or any treatment provider."

Clerk's Papers (CP) at 85.

Diorio timely appealed.  He challenges the calculation of his offender score and his

plethysmograph (PPG) testing community custody condition.

ANALYSIS

A.    OFFENDER SCORE

Diorio contends the trial court erred when it calculated his offender score.  He

argues his felony CMIP conviction should have been a gross misdemeanor and his

offender score should have been a 0.  We disagree with his assertions.

We review an offender's sentencing score de novo.  *State v. Moeurn*, 170 Wn.2d

169, 172, 240 P.3d 1158 (2010).  A miscalculated offender score may be raised as an

issue for the first time on appeal.  *State v. Rowland*, 97 Wn. App. 301, 304, 983 P.2d 696

(1999).

RCW 9.68A.090 provides:

> (1)  Except as provided in subsection (2) of this section, a person
> who communicates with a minor for immoral purposes, or a person who
> communicates with someone the person believes to be a minor for immoral
> purposes, is guilty of a gross misdemeanor.
> (2)  A person who communicates with a minor for immoral purposes
> *is guilty of a class C felony* punishable according to chapter 9A.20 RCW if
> the person has previously been convicted under this section or of a felony
> sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other

> felony sexual offense in this or any other state or if the person communicates with a minor or with someone the person believes to be a minor for immoral purposes, including the purchase or sale of commercial sex acts and sex trafficking, through the sending of an electronic communication.

(Emphasis added.) Therefore, a person can be convicted of felony CMIP by either having committed a prior qualifying felony sexual offense *or* by communicating with a minor or someone believed to be a minor for immoral purposes through electronic communication.

Here, the State alleged Diorio committed felony CMIP by both alternatives. The trial court instructed the jury only on the second alternative—that Diorio communicated with a minor through the sending of an electronic communication. The jury's guilty verdict was based on the second alternative under RCW 9.68A.090(2). The trial court properly convicted Diorio of felony CMIP and, therefore, properly calculated his offender score on each count as a 3. *See* RCW 9.94A.525(17) (other sex offenses to be scored as 3 points).

### B.     COMMUNITY CUSTODY CONDITION

Diorio contends the trial court exceeded its authority when it imposed a community custody condition ordering PPG testing at the sole discretion of Diorio's CCO. The State concedes this is error and remand is appropriate.

No. 37350-9-III
*State v. Diorio*

In *State v. Johnson*, 184 Wn. App. 777, 340 P.3d 230 (2014), we considered a similar challenge. In accordance with *State v. Riles*, 135 Wn.2d 326, 352, 957 P.2d 655 (1998), we reasoned a sentencing court may not order PPG testing unless it also requires crime-related treatment for sexual deviancy, and such testing is only useful within the context of a comprehensive evaluation or treatment process. *Johnson*, 184 Wn. App. at 780. We clarified that a CCO's authority to order PPG testing was limited to testing for sexual deviancy treatment and not for monitoring. *Id.* at 781. We direct the trial court to amend the challenged condition accordingly.

Affirmed, but remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

6