# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 54275-7-II |
| RAYMOND RODRIGUEZ HARRIS, | UNPUBLISHED OPINION |
| Petitioner. | |

SUTTON, J. — Raymond R. Harris seeks relief from personal restraint resulting from his 2004 plea of guilty to three counts of first degree rape of a child and three counts of first degree child molestation, for which he was sentenced to 140 months of confinement and 36 months of community custody. Harris contends the following community custody conditions are unconstitutional:

[X] Submit to, and at your expense, a polygraph examination and a plethsymograph as directed by Corrections Officer or treatment provider,

. . . .

[X] The defendant shall not prequent [sic] parks or playgrounds or any location where minor children congregate.

Judgment and Sentence, paragraph 4.6 (Additional Conditions).

13) Not enter any establishment where minors congregate;

. . . .

17) Random polygraphs and plethysmographs;

Judgment and Sentence, Appendix H(b).

A community custody condition requiring plethysmography is constitutional only if it is part of a sex offender treatment program. *State v. Johnson*, 184 Wn. App. 777, 780-81, 340 P.3d 230 (2014). The State concedes that because the community custody conditions do not require

that the plethysmography must be in conjunction with sex offender treatment, the community conditions should be clarified to add that conjunction.

A community custody condition regarding not entering or frequenting places where minor children congregate is unconstitutionally vague if it is not illustrated with a non-exclusive list of such places. *State v. Wallmuller*, 194 Wn.2d 234, 239-42, 449 P.3d 619 (2019). The State contends that the condition contained in paragraph 4.6 of the judgment and sentence meets the *Wallmuller* standard, but concedes that condition 13 contained in Appendix H(b) does not. Thus, it concedes that condition 13 should be clarified to add a non-exclusive list.

We grant Harris's petition and remand to the trial court to clarify his community custody conditions, as addressed above.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

MAXA, J.

2