# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54766-0-II |
| Respondent, | |
| v. | |
| JOSE GUADALUPE BARAJAS-GOMEZ, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Jose Barajas-Gomez appeals his sentence for attempted rape of a child in the second degree and communication with a minor for immoral purposes. Barajas-Gomez argues that the trial court lacked the authority to impose a community custody condition that requires him to submit to plethysmograph testing at the request of his Community Corrections Officer (CCO) for the purpose of monitoring his compliance with community custody. The State concedes that a trial court may order plethysmograph testing only for crime-related treatment purposes, not to monitor an offender's compliance with community custody. We accept the State's concession. Accordingly, we reverse the portion of the challenged community custody condition that requires Barajas-Gomez to submit to plethysmograph testing at the direction of his CCO for the purpose of monitoring his compliance with supervision. Furthermore, we remand for the trial court to modify this community custody condition to limit the use of plethysmograph testing for crime-related treatment purposes only.

FACTS

Barajas-Gomez was convicted of one count of attempted rape of a child in the second degree and two counts of communication with a minor for immoral purposes. Barajas-Gomez was sentenced to 109.5 months to life. Additionally, the trial court imposed community custody for life. As a part of the community custody, the court ordered Barajas-Gomez to "undergo an evaluation for treatment for . . . sexual deviancy[,] . . . and fully comply with all recommended treatment." Clerk's Papers (CP) at 85. The trial court also ordered the defendant to "submit to polygraph and/or pleth[y]smograph testing *at the direction of the Community Corrections Officer* and/or the Sexual Deviancy Treatment Provider to *monitor compliance with conditions of supervision* and/or treatment." *Id.* at 95 (emphasis added).

Barajas-Gomez appeals.

ANALYSIS

Barajas-Gomez argues that the trial court erred when it imposed a condition permitting his CCO to require him to submit to plethysmograph testing to monitor Barajas-Gomez's compliance with his community custody supervision. Barajas-Gomez acknowledges that the trial court may impose a condition requiring plethysmograph testing, but the condition must limit the testing to crime-related treatment purposes by a qualified treatment provider. *See State v. Land*, 172 Wn. App. 593, 605, 295 P.3d 782 (2013). Barajas-Gomez correctly observes, however, that a community custody condition may not permit plethysmograph testing "'as a routine monitoring tool subject only to the discretion of a community corrections officer.'" Br. of Appellant at 5 (quoting *Land*, 172 Wn. App. at 605).

Barajas-Gomez asks this court to remand his case and order the trial court to either strike this condition or amend the condition to specify the proper scope of the CCO's authority to order plethysmograph testing. The State concedes that plethysmograph testing is permitted only for crime-related treatment and does not oppose remand. We accept the State's concession.

A trial court may require plethysmograph testing as a condition of community custody if it is part of crime-related treatment. *State v. Johnson*, 184 Wn. App. 777, 780, 340 P.3d 230 (2014). However, plethysmograph testing cannot be used as a monitoring tool. *Id.* at 780-81. A CCO's authority for ordering plethysmograph testing is limited to treatment. *Id.* at 781. Here Barajas-Gomez's community condition is improper because it allows plethysmograph testing "at the direction of the Community Corrections Officer . . . *to monitor compliance* with conditions of supervision . . . ." CP at 95 (emphasis added). Accordingly, we accept the State's concession and remand this case to trial court to modify this community custody condition. The trial court is instructed to clarify that Barajas-Gomez may be ordered to submit to plethysmograph testing only for crime-related treatment.

## CONCLUSION

We reverse the portion of the challenged community custody condition that requires Barajas-Gomez to submit to plethysmograph testing at the direction of his CCO for the purpose of monitoring his compliance with supervision. We remand this matter to the trial court modify this community custody condition consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J

We concur:

SUTTON, P.J.

VELJACIC, J.