Filed 7/22/22  P. v. Alvarado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D079570 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF004735) |
| LUIS ALVARADO, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed as modified.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Luis Alvarado was placed on formal probation for two years after pleading no contest to one count of attempted commission of lewd or lascivious acts upon a child under the age of 14 years.

On appeal, Alvarado seeks modification of four probation conditions set forth in the trial court's written sentencing order on grounds that they do not comport with the oral pronouncement of judgment. The People concede, and we agree, the written probation conditions vary from the oral pronouncement of judgment and must be modified accordingly.

Additionally, Alvarado raises a constitutional vagueness challenge to a fifth probation condition restricting his use or possession of "items designed for the entertainment of children." We agree the condition is unconstitutionally vague. Therefore, we strike the challenged condition.

In all other respects, the judgment is affirmed.

# II

## BACKGROUND

Alvarado engaged in a sexually-explicit online conversation with a person he believed to be a 13-year-old girl. The individual was actually an undercover law enforcement officer conducting a sting operation. During the conversation, Alvarado sent provocative messages and photographs of his genitalia, requested photographs from the supposed underage girl, and arranged an in-person meeting. Law enforcement arrested Alvarado at the planned meeting spot.

Alvarado was charged by amended complaint with one count of attempted commission of lewd or lascivious acts upon a child under the age of 14 years (Pen. Code, §§ 664, 288, subd. (a); count 1), one count of contact with

a minor with intent to commit a sexual offense (*id.*, § 288.3, subd. (a); count 2), and arranging to meet with a minor for a lewd purpose (*id.*, § 288.4, subd. (b); count 3). Pursuant to a plea bargain, he pleaded no contest to count 1 in exchange for dismissal of the other charges and a sentence of formal probation.

The county probation department submitted a report recommending that the trial court require Alvarado to comply with various terms and conditions of probation. In particular, it recommended that the court impose probation conditions restricting or prohibiting Alvarado from using or possessing sexually-explicit materials (condition I(1)(i)); associating or communicating with minors (condition I(1)(j)); residing with minors (condition I(1)(*l*)); possessing items designed to entertain minors (condition I(1)(m)), and using or possessing computers (condition I(1)(n)). Alvarado objected to each of these proposed conditions.

The trial court suspended imposition of sentence and placed Alvarado on formal probation for two years. During the oral pronouncement of judgment, the court imposed conditions I(1)(i), I(1)(j), I(1)(*l*), I(1)(m), and I(1)(n), but it orally modified them in certain respects unique to each condition, as discussed more fully below.

Thereafter, the court issued a written sentencing order imposing formal probation subject to the following terms and conditions, among others:

- Condition I(1)(i): "Do not own, use, or possess any form of sexually explicit movies, videos, material or devices unless recommended by the therapist and approved in writing by the Probation Officer. Do not frequent any establishment where you know or reasonably should know such items are viewed or sold and do not utilize a telephone service you know or should know to be sexually oriented."

- Condition I(1)(j): "Do not associate or communicate with anyone you know or reasonably should know to be any person under the age of 18 or frequent places where you know or reasonably should know that

3

persons under the age of 18 congregate, including but not limited to schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools, and arcades. **Unless otherwise authorize [sic] by Probation Officer as to defendant's natural children, and exception to minor children**."

- Condition I(1)(*l*): "Do not reside with any person you know or reasonably should know to be under the age of 18, including, but not limited to your natural children, stepchildren, or any other minor under the age of 18 with whom you have a parenting, guardianship, or supervisory relationship unless approved in advance and in writing by the Probation Officer or the Court. **Except natural children and unless authorize [sic] by Probation Officer**."

- Condition I(1)(m): "Do not own, use, or possess any stuffed animals, video games, or similar items designed for the entertainment of children, without the written permission of the Probation Officer. **Except for natural children**."

- Condition I(1)(n): "Do not use o [sic] possess a desktop, laptop, or any other type of computer or other device capable of accessing the internet or storage media for personal use, except at the defendant's independent employment [sic]."

III

DISCUSSION

A

*The Written Sentencing Order Must Be Amended to Comport with the Oral Pronouncement of Judgment*

Alvarado argues the sentencing order does not accurately reflect the court's oral pronouncement of judgment with regards to probation conditions I(1)(i), I(1)(j), I(1)(*l*), and I(1)(n). He claims the sentencing order must be amended to conform to the oral pronouncement of judgment. The People concede the sentencing order varies from the oral pronouncement of judgment and must be amended to match it.

4

We agree with Alvarado, and accept the People's concession, that the sentencing order must be amended to accurately comport with the oral pronouncement of judgment. "In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; the record of the oral pronouncement of the court controls over the clerk's minute order and abstract of judgment].)

In particular, the sentencing order varies from the oral pronouncement of judgment in the following respects:

Condition I(1)(i):  During the oral pronouncement of judgment, the court struck the phrase "or devices" from condition I(1)(i).  The sentencing order still includes the phrase "or devices" in it.

The sentencing order is amended so that condition I(1)(i) states:  "Do not own, use, or possess any form of sexually explicit movies, videos, or material unless recommended by the therapist and approved in writing by the Probation Officer.  Do not frequent any establishment where you know or reasonably should know such items are viewed or sold and do not utilize a telephone service you know or should know to be sexually oriented."

Condition I(1)(j):  During the oral pronouncement of judgment, the court added exceptions to condition I(1)(j) allowing Alvarado to:  (1) associate or communicate with his natural children; and (2) visit places where minors congregate with permission from the probation officer.  The sentencing order does not accurately reflect these exceptions.

The sentencing order is amended so that condition I(1)(j) states: "Do not associate or communicate with anyone you know or reasonably should know to be any person under the age of 18. Natural children excluded. Do not frequent places where you know or reasonably should know that persons under the age of 18 congregate, including but not limited to schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools, and arcades, unless authorized in writing by the Probation Officer."

Condition I(1)(*l*): During the oral pronouncement of judgment, the court added an exception to condition I(1)(*l*) allowing Alvarado to reside with his natural children. The sentencing order does not clearly reflect this exception.

The sentencing order is amended so that condition I(1)(*l*) states: "Do not reside with any person you know or reasonably should know to be under the age of 18, including, but not limited to your stepchildren or any other minor under the age of 18 with whom you have a parenting, guardianship, or supervisory relationship, unless approved in advance and in writing by the Probation Officer or the Court. Natural children excluded."

Condition I(1)(n): As proposed by the probation department, condition I(1)(n) would have allowed Alvarado to use or possess computers or other similar devices only at his "place of employment, volunteer service, or school of current enrollment," subject to the approval of the probation officer. During the oral pronouncement of judgment, the court replaced the phrase "place of employment" with "in the defendant's employment," to account for the possibility that Alvarado might work from home. The sentencing order does not clearly reflect this amendment.

The sentencing order is amended so that condition I(1)(n) states: "Do not use or possess a desktop, laptop, or any other type of computer or other

device capable of accessing the internet or storage media for personal use, except in the defendant's employment or at the defendant's volunteer service or school of current enrollment. Possession of any of these items must have prior written approval by the Probation Officer unless otherwise authorized by the Court."[1]

## B

### *Probation Condition I(1)(m) Is Unconstitutionally Vague*

Probation condition I(1)(m) states as follows: "Do not own, use, or possess any stuffed animals, video games, or similar items designed for the entertainment of children, without the written permission of the Probation Officer. Except for natural children." (Bolding omitted.)

Alvarado argues condition I(1)(m) is unconstitutionally vague both because it fails to adequately specify which items are designed for the entertainment of children and, furthermore, because it omits a scienter requirement. We agree the condition is unconstitutionally vague because it does not provide adequate notice regarding which "similar items" are designed for the entertainment of children and, therefore, which items Alvarado is prohibited from owning, using, or possessing.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing

---

[1] Alvarado argues the oral pronouncement of judgment allows him to use or possess the items enumerated in condition I(1)(n) at any time, so long as he obtains the approval of the probation officer or the court. Alvarado misinterprets the oral pronouncement of judgment, which clearly prohibits him from using or possessing the enumerated items unless he *both*: (1) uses or possesses the enumerated items in his employment or at his volunteer service or school of current enrollment; *and* (2) obtains authorization from the probation officer or the court.

adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations].' [Citation.] The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid*.)

Such reasonable specificity is lacking here. As Alvarado notes, the probation condition itself does not define the types of items that may be considered "designed for the entertainment of children." The factual basis for his crime sheds no light on the meaning of this language, given that there is no indication he used children's entertainment items to perpetrate the crime. Further, the court's statements from the sentencing hearing provide no insight on the definition. In short, Alvarado lacks sufficient notice concerning the items prohibited by this probation condition. (See *State v. Land* (Wash.Ct.App. 2013) 295 P.3d 782, 787 [condition of community custody prohibiting child molestation and child rape defendant from possessing " 'any item designated or used to entertain, attract or lure children' " was void for vagueness because it was " 'utterly lacking in any notice of what behavior would violate it' "]; *Collins v. State* (Ind.Ct.App. 2009) 911 N.E.2d 700, 713–714, 716 [probation condition prohibiting rape defendant from possessing " 'any items … that attract children or that may

8

be used to coerce children to engage in inappropriate or illegal sexual activities' " was impermissibly vague and subject to remand for clarification].)

The People contend the probation condition is sufficiently definite because some items designed for children's entertainment, such as puzzles and video games, have labels indicating the intended age ranges of users. Certainly, some entertainment items include age range labels. But many other entertainment items do not. Because these unlabeled entertainment items presumably fall within the prohibition set forth in condition I(1)(m), the fact that *some* entertainment items bear intended range labels does not alleviate the vagueness of the challenged probation condition.

The People provide no proposed amendment to the probation condition that would alleviate the vagueness concerns discussed herein. Alvarado does not offer a proposed amendment either. In the absence of a proposed amendment by either party, we strike the offending probation condition.[2]

IV

DISPOSITION

Probation condition I(1)(m) is stricken. The written sentencing order imposing formal probation is modified as follows:

- Probation condition I(1)(i) is modified to state: "Do not own, use, or possess any form of sexually explicit movies, videos, or material unless recommended by the therapist and approved in writing by the Probation Officer. Do not frequent any establishment where you know or reasonably should know such items are viewed or sold and do not utilize a telephone service you know or should know to be sexually oriented."

- Probation condition I(1)(j) is modified to state: "Do not associate or communicate with anyone you know or reasonably should know to be

---

[2] Because the language "items designed for the entertainment of children" is unconstitutionally vague, we do not assess whether condition I(1)(m) is unconstitutionally vague due to its lack of a scienter requirement.

any person under the age of 18. Natural children excluded. Do not frequent places where you know or reasonably should know that persons under the age of 18 congregate, including but not limited to schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools, and arcades, unless authorized in writing by the Probation Officer."

- Probation condition I(1)(*l*) is modified to state: "Do not reside with any person you know or reasonably should know to be under the age of 18, including, but not limited to your stepchildren or any other minor under the age of 18 with whom you have a parenting, guardianship, or supervisory relationship, unless approved in advance and in writing by the Probation Officer or the Court. Natural children excluded."

- Probation condition I(1)(n) is modified to state: "Do not use or possess a desktop, laptop, or any other type of computer or other device capable of accessing the internet or storage media for personal use, except in the defendant's employment or at the defendant's volunteer service or school of current enrollment. Possession of any of these items must have prior written approval by the Probation Officer unless otherwise authorized by the Court."

In all other respects, the judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

10